UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                :

    - v. -                               :

                                    **INDICTMENT**

ALEXEI SAAB,                            :
    a/k/a "Ali Hassan Saab,"                       19 Cr.
    a/k/a "Alex Saab,"                   :
    a/k/a "Rachid,"

             Defendant.            : **19 CRIM  676**

                                      :
- - - - - - - - - - - - - - - - x

**COUNT ONE**

(Conspiracy to Provide Material Support to Hizballah)

The Grand Jury charges:

1.    From at least in or about 1996, up to and including in or about March 2019, in the Southern District of New York, Lebanon, and elsewhere, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to knowingly provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to a foreign terrorist organization, to wit, Hizballah, which has been designated by the Secretary of State as a foreign terrorist organization since 1997, pursuant to Section 219 of the Immigration

and Nationality Act ("INA"), and is currently designated as such as of the date of the filing of this Indictment.

2. It was a part and an object of the conspiracy that ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, and others known and unknown, would and did agree to knowingly provide Hizballah with material support and resources, including tangible and intangible property, services, expert advice and assistance, explosives, and personnel (including himself), knowing that Hizballah was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that Hizballah engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that Hizballah engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), in violation of Title 18, United States Code, Section 2339B.

Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, and his co-conspirators committed the overt acts set forth below, among others:

2

a.    Between in or about 1996 and in or about 2005, SAAB participated in extensive Hizballah training, including in surveillance, firearms, and the production and use of explosives.

b.    In or about 2003, SAAB provided Hizballah with intelligence and photographs concerning several locations SAAB had surveilled in the New York City area, including the Port Authority Bus Terminal, Grand Central Terminal, the New York Stock Exchange, 26 Federal Plaza, and local airports.

c.    In or about 2005, SAAB traveled to Istanbul, Turkey, and provided intelligence concerning this trip to Hizballah.

d.    In or about 2005, at Hizballah's direction, SAAB attempted to murder a person he came to believe was an Israeli spy.

(Title 18, United States Code, Section 2339B.)

**COUNT TWO**
(Provision of Material Support to Hizballah)

The Grand Jury further charges:

4.    The allegations contained in paragraph 3 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

5.    From at least in or about 1996, up to and including in or about March 2019, in the Southern District of New York and

3

elsewhere, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, knowingly provided and attempted to provide, and aided and abetted the provision of, "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to a foreign terrorist organization, to wit, Hizballah, which has been designated by the Secretary of State as a foreign terrorist organization since 1997, pursuant to Section 219 of the INA, and is currently designated as such as of the date of the filing of this Indictment, including, among other things, tangible and intangible property, services, expert advice and assistance, explosives, and personnel (including himself), knowing that Hizballah was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that Hizballah engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that Hizballah engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

(Title 18, United States Code, Sections 2339B and 2.)

4

## COUNT THREE

(Conspiracy to Receive Military-Type Training from Hizballah)

The Grand Jury further charges:

6.     From at least in or about 1996, up to and including in or about 2005, in Lebanon, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, who was first arrested in the Southern District of New York, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to knowingly receive military-type training from and on behalf of Hizballah, which has been designated by the Secretary of State as a foreign terrorist organization since 1997, pursuant to Section 219 of the INA, and is currently designated as such as of the date of the filing of this Indictment.

7.     It was a part and an object of the conspiracy that ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, and others known and unknown, would and did knowingly receive military-type training from and on behalf of Hizballah, knowing that Hizballah was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339D(c)(4)), that Hizballah engages and has engaged in

terrorist activity (as defined in section 212 of the INA), and
that Hizballah engages and has engaged in terrorism (as defined in
section 140(d)(2) of the Foreign Relations Authorization Act,
Fiscal Years 1988 and 1989), in violation of Title 18, United
States Code, Section 2339D.

8. In furtherance of the conspiracy and to effect the
illegal object thereof, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a
"Alex Saab," a/k/a "Rachid," the defendant, and his co-
conspirators committed the overt acts set forth in paragraph 3
above -- which are hereby repeated, realleged, and incorporated by
reference, as if fully set forth herein -- among others.

(Title 18, United States Code, Sections 371, 2339D, and 3238.)

## COUNT FOUR
(Receipt of Military-Type Training from Hizballah)

The Grand Jury further charges:

9. The allegations contained in paragraph 3 of this
Indictment are hereby repeated, realleged, and incorporated by
reference, as if fully set forth herein.

10. From at least in or about 1996, up to and including
in or about 2005, in Lebanon, and elsewhere, and in an offense
begun and committed out of the jurisdiction of any particular State
or district of the United States, ALEXEI SAAB, a/k/a "Ali Hassan
Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, who was

6

first arrested in the Southern District of New York, knowingly received military-type training from and on behalf of Hizballah, which has been designated by the Secretary of State as a foreign terrorist organization since 1997, pursuant to Section 219 of the INA, and is currently designated as such as of the date of the filing of this Indictment, knowing that Hizballah was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339D(c)(4)), that Hizballah engages and has engaged in terrorist activity (as defined in section 212 of the INA), and that Hizballah engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), to wit, SAAB received training in the use of weapons and in the construction and use of explosives from other members of Hizballah.

(Title 18, United States Code, Sections 2339D and 3238.)

## COUNT FIVE

(Unlawful Procurement of Citizenship or Naturalization to
Facilitate an Act of International Terrorism)

The Grand Jury further charges:

11. The allegations contained in paragraph 3 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

7

12. From at least in or about 2005, up to and including in or about 2008, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, in the Southern District of New York and elsewhere, knowingly procured and attempted to procure, contrary to law, the naturalization of a person, and documentary and other evidence of naturalization and of citizenship, to facilitate an act of international terrorism as defined in Title 18, United States Code, Section 2331, to wit, SAAB submitted a naturalization application for himself containing false statements relating to, among other things, his membership in and provision of material support and resources to Hizballah.

(Title 18, United States Code, Sections 1425(a) and 2.)

## COUNT SIX

(Marriage Fraud Conspiracy)

The Grand Jury further charges:

13. From at least in or about July 2012 up to and including in or about July 2019, in the Southern District of New York and elsewhere, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, a violation of Title 8, United States Code, Section 1325(c).

14. It was a part and object of the conspiracy that ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, and others known and unknown, would and did knowingly enter into a marriage for the purpose of evading provisions of the immigration laws.

15. In furtherance of the conspiracy and to effect the illegal object thereof, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, and his co-conspirators committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. In or about July 2012, SAAB married a co-conspirator not named herein ("CC-1"), in Manhattan, New York, so that CC-1 could obtain citizenship benefits in the United States.

b. In or about March 2015, SAAB and CC-1 filed a joint petition (the "Petition") seeking to remove conditions on CC-1's residence.

c. In the Petition, both SAAB and CC-1 falsely affirmed under penalty of perjury that their marriage "was not for the purpose of procuring an immigration benefit."

(Title 18, United States Code, Section 371.)

9

## COUNT SEVEN

(Citizenship Application Fraud)

The Grand Jury further charges:

16. The allegations contained in paragraph 15 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

17. In or about March 2015, in the Southern District of New York and elsewhere, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, knowingly subscribed as true under penalty of perjury, and aided and abetted and caused the subscription as true under penalty of perjury, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and knowingly presented, and aided and abetted and caused the presentation of, such an application, affidavit, and other document which contained such false statement and which failed to contain any reasonable basis in law and fact, to wit, SAAB and CC-1 jointly filed the Petition in which they falsely affirmed under penalty of perjury that their marriage "was not for the purpose of procuring an immigration benefit."

(Title 18, United States Code, Sections 1546(a) and 2.)

10

## COUNT EIGHT

(Naturalization Fraud)

The Grand Jury further charges:

18.   The allegations contained in paragraph 15 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

19.   In or about March 2015, in the Southern District of New York and elsewhere, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, knowingly made, and aided and abetted the making of, a false statement under oath, in a case, proceeding, and matter relating to, under, and by virtue of a law of the United States relating to naturalization, citizenship, and registry of aliens, to wit, SAAB affirmed, and aided and abetted CC-1's affirmance, in the Petition, under penalty of perjury, that their marriage "was not for the purpose of procuring an immigration benefit."

(Title 18, United States Code, Sections 1015(a) and 2.)

## COUNT NINE

(False Statements)

The Grand Jury further charges:

20.   The allegations contained in paragraph 15 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

11

21. In or about March 2015, in the Southern District of New York and elsewhere, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up by a trick, scheme, and device a material fact, and made materially false, fictitious, and fraudulent statements and representations, and made and used a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, and aided and abetted the same, to wit, SAAB affirmed, and aided and abetted CC-1's affirmance, under penalty of perjury, the false statement contained in the Petition.

(Title 18, United States Code, Sections 1001 and 2.)

## FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH FOUR

22. As a result of planning and perpetrating Federal crimes of terrorism against the United States, as defined in Title 18, United States Code, Section 2332b(g)(5), as alleged in Counts One, Two, Three, and Four of this Indictment, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), any and all assets, foreign and domestic, of the defendant; any and all assets, foreign and

12

domestic, affording the defendant a source of influence over any entity or organization engaged in planning or perpetrating said offense; any and all assets, foreign and domestic, acquired or maintained with the intent and for the purpose of supporting, planning, conducting or concealing said offenses; any and all assets, foreign and domestic, derived from, involved in, or used or intended to be used to commit said offenses, including but not limited to a sum of money in United States currency representing the total amount of the defendant's assets.

## FORFEITURE ALLEGATION AS TO COUNTS FIVE THROUGH EIGHT

23. As a result of committing the offenses alleged in Counts Five, Six, Seven, and Eight of this Indictment, ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), all conveyances, including any vessel, vehicle, or aircraft, used in the commission of said offenses; all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of said offenses, including but not limited to a sum of money in United

13

States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

24.   If any of the above-described forfeitable property, as a result of any act or omission of ALEXEI SAAB, a/k/a "Ali Hassan Saab," a/k/a "Alex Saab," a/k/a "Rachid," the defendant:

> a.   cannot be located upon the exercise of due diligence;
>
> b.   has been transferred or sold to, or deposited with, a third person;
>
> c.   has been placed beyond the jurisdiction of the Court;
>
> d.   has been substantially diminished in value; or
>
> e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code,

14

Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Sections 981 and 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

_Wendy Kenney_
FOREPERSON
9/19/19

_Geoffy S. Berman_
GEOFFREY S. BERMAN
United States Attorney

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**ALEXEI SAAB,**
**a/k/a "Ali Hassan Saab,"**
**a/k/a "Alex Saab,"**
**a/k/a "Rachid,"**

**Defendant.**

## INDICTMENT

19 Cr.

(18 U.S.C. §§ 371, 2339B, 2339D,
1425(a), 3291, 1546(a), 1015(a), 1001,
3238, and 2.)

GEOFFREY S. BERMAN
United States Attorney.

**A TRUE BILL**

_Wendy Kenney_     Foreperson.

9/19/19    True Bill + Indictment Filed