*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 2, 2021

**VIA CM/ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Memo Endorsed: In light of the joint letter and proposed order filed by the parties on June 4, 2021 (see Dkt. No. 94), this letter motion is denied as moot. SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

Dated: June 4, 2021

Re:   *United States v. Alexei Saab*, 19 Cr. 676 (PGG)

Dear Judge Gardephe:

The Government writes in response to the defense's submission of an order requiring the Metropolitan Correctional Center ("MCC"), the facility at which the defendant is presently housed, to maintain a laptop in the defendant's unit. (*See* Dkt. 80.) Specifically, the Government requests a modification to the Court's order, due to the security concerns implicated by the defense's request. Attached as Exhibit A is a proposed amended order.

The defendant raised concerns regarding the defendant's access to discovery to the Court during an April 7, 2021 teleconference. (*See* Dkt. 78.) During the call, counsel suggested that a laptop be maintained in Saab's housing unit at the MCC. The Court asked whether the Government objected to that proposal "subject to whatever MCC says," and the Government responded that it had no objection "as long as the MCC is comfortable with it." (*Id.* at 22.) Thereafter, without consulting the MCC or the Government, defense counsel filed a proposed order with the Court which required the MCC to allow a laptop in Saab's unit. The Court signed that order on April 20, 2021. (*See* Dkt. 80 (hereafter, the "Laptop Order").)

Given that neither the Government nor MCC had been consulted prior to its entry, nor did it appear that the defense provided the MCC with a copy of the Laptop Order, the Government sent the MCC the Laptop Order and facilitated a phone call between the parties on May 17, 2021 to discuss its terms. During the call, MCC's counsel explained that security concerns precluded inmates from keeping laptops in their units. To address counsel's concerns regarding discovery access, however, the MCC committed to increasing the defendant's time in the law library to 10 hours per week, and to maintaining the laptop in the law library for his use.

By virtue of a footnote in the defendant's third supplemental motions and subsequent communications with counsel, it appears the defendant continues to object to the MCC's proposal. (*See* Dkt. 90 at 12 and n.36.) In that motion, the defendant also erroneously claims that he is "only allowed one (1) hour per week at the law library"—despite the fact that, as noted above, the MCC already committed to providing the defendant with 10 hours of access to the law library per week,

after it receives the laptop through appropriate channels.[1] The MCC also has advised the Government that in addition to the specific time set aside for review of discovery in the law library, inmates may review discovery during their leisure and recreational time via an e-discovery computer placed in each general population housing unit. As of today, inmates have a total of approximately thirty one and half (31.5) hours per week out of their cell for leisure and recreational purposes. Finally, the MCC has advised the Government that the defendant previously requested and received additional time to review discovery through MCC's internal processes, that the defendant has not himself made any supplemental request or complaints, and that the MCC is willing to work with the defendant to provide him additional access if needed.

Accordingly, in light of the above, the Government respectfully requests that the Court enter the attached order modifying the Laptop Order consistent with the MCC's security concerns.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: __/s/_____
Jessica K. Fender
Jason A. Richman
Assistant United States Attorneys
(212) 637-2276 / 2589

cc:   Defense Counsel   (by ECF)

---

[1] The defendant states that the laptop has been "ready for shipment" since May 21, 2021. (Dkt. 90 at 12 n.36.) The Laptop Order specifies that the laptop is to be inspected by the MCC prior to being provided to the defendant. However, the Bureau of Prisons requires that the laptop first be inspected by the Government; the Government, in turn, provides the laptop to the MCC for Saab's use. For this reason, as well, the Government respectfully requests modification of the Laptop Order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
UNITED STATES OF AMERICA
                                                              :
          - v. -                                                **AMENDED ORDER**
                                                              :
ALEXEI SAAB,                                                   19 Cr. 676 (PGG)
     a/k/a "Ali Hassan Saab,"                                 :
     a/k/a "Alex Saab,"
     a/k/a "Rachid,"                                          :

                              Defendant.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PAUL G. GARDEPHE, District Judge:

WHEREAS, the Court and the parties seek to ensure that Alexei Saab has meaningful access to review discovery and other case materials while detained by the Bureau of Prisons; and

WHEREAS, the Court seeks to ensure that such discovery access does not jeopardize the security and operational interests of the Bureau of Prisons;

IT IS HEREBY ORDERED that:

1.     Mr. Saab may have access to an "air-gapped" laptop computer (the "Laptop") that is disabled from accessing the internet, local area networks, or other electronic devices;

2.     Upon receipt of an acceptable laptop computer from counsel for Mr. Saab, the Government shall (a) ensure that the laptop is appropriately "air gapped" and compatible with the Bureau of Prisons' security requirements; and (b) deliver the laptop to the proper authorities at the MCC within 48 hours;

3.     The Laptop shall be password-protected and maintained in a location acceptable to Bureau of Prisons personnel;

4.      Bureau of Prisons personnel will provide Mr. Saab with access to the Laptop each weekday in the law library or attorney conference rooms for a total of at least 10 hours per week;

5.      This Order remains in effect until the trial in this matter is completed, and a copy of this Order shall be made available to any unit where Mr. Saab is housed;

6.      Mr. Saab may use the Laptop for the sole purpose of reviewing discovery and legal materials that relate to his criminal case. Mr. Saab shall not share the Laptop or the materials loaded onto the Laptop with other inmates or with any attorney not appointed to this case, without an order of this Court. He shall not have possession of any charging apparatus or cord that connects to the Laptop.  He shall not access or attempt to access the internet or any form of wireless communication.  He shall at all times abide by the terms of the Protective Order governing the discovery in this case.

7.      Should Mr. Saab violate the terms set forth above in Paragraph 6, he will forfeit his right under this Order to use the Laptop, and he may expose himself to criminal prosecution for possessing or distributing a "prohibited object" as that term is defined in 18 U.S.C. § 1791(d).

8.      Mr. Saab shall be provided a copy of this Order by the Bureau of Prisons and shall, by virtue of his signature below, indicate his acceptance of these terms.  Within forty-eight hours of Mr. Saab's signing of the Order and the MCC's receipt of the Laptop from the Government, whichever is later, Mr. Saab shall receive access to the Laptop.


SO ORDERED:

_____          _____
HONORABLE PAUL G. GARDEPHE                      Date
United States District Judge
Southern District of New York

I acknowledge receipt of the Court's Order setting forth the terms and conditions of my access to a laptop which is to be kept and maintained by the Bureau of Prisons, and indicate my acceptance of those terms:

_____          _____
ALEXEI SAAB                                                                                    Date
Defendant