

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 12, 2021

**VIA CM/ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Alexei Saab*, 19 Cr. 676 (PGG)

Dear Judge Gardephe:

      The Government writes in response to the defendant's filing of October 12, 2021, requesting that the Court order the Government to "disclose its classified supplement to [cleared counsel] so that [cleared counsel] may assist the Defense in determining whether it needs a response." (Dkt. 126). The defendant appears to assume that having cleared counsel entitles him to access the Government's *ex parte* filings in this matter. The defendant is incorrect.

      As a preliminary matter, the Court can deny the defendant's *Franks* motion without reference to the Government's *ex parte* supplement. (*See* Dkt. 120 at 4-10). Beyond that, the Government's classified supplement is appropriately considered by the Court *ex parte* for the reasons stated in the Government's unclassified opposition, *id.* at 11-12, the Government's *ex parte* supplement to that opposition discussing the particularly classified nature of this material, *see id.* at 12-13, and the Government's previously filed brief pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 4, and Federal Rule of Criminal Procedure 16(d)(1). *See* Fed. R. Crim. P. 16(d)(1) ("Upon a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate. Upon a motion by a party, the court may permit the party to make a showing, in whole or in part, in the form of a written statement to be inspected by the judge alone."); 18 U.S.C. App. III § 4 ("The court may permit the United States to make a request" to deny or limit discovery of classified information "in the form of a written statement to be inspected by the court alone"); *see also*, *e.g.*, *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008); *United States v. Saipov*, No. 17 Cr. 722 (VSB), Dkt. 212 at 5-6 (S.D.N.Y. Oct. 29, 2019) (in case involving cleared counsel, finding that "[c]ourts routinely permit the Government to proceed *ex parte* 'when the substance of the classified information that the Government seeks to [] with[o]ld from discovery is explicitly discussed in the relevant motion.'") (collecting cases).

   Should the Court require any further information from the Government, the Government is available for a conference pursuant to Section 2 of CIPA at any time convenient for the Court.

               Respectfully submitted,

               DAMIAN WILLIAMS
               United States Attorney

          By:  /s/
              Samuel Adelsberg
              Jason A. Richman
              Assistant United States Attorneys
              (212) 637-2494 / 2589

cc:  Defense Counsel  (by ECF)