UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         - against -<br><br>ALEXEI SAAB,<br>    a/k/a "Ali Hassan Saab,"<br>    a/k/a "Alex Saab,"<br>    a/k/a "Rachid,"<br><br>                           Defendant. | **PROTECTIVE ORDER<br>WITH RESPECT TO<br>CERTAIN DISCOVERY**<br><br>19 Cr. 676 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

        This matter came before the Court on the Government's motion ("Government Motion"), exhibits, and the declarations of various Government officials (collectively, the "Government Submission"). The Government Submission was filed ex parte, in camera, and through the Classified Information Security Officer on October 29, 2020.

        The Government seeks a protective order, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, regarding disclosure of certain information. After ex parte, in camera consideration of the Government Submission, this Court finds:

        1.    That the Government Submission contains and describes classified information that requires protection against unauthorized disclosure. That information is described with particularity in the Government Submission.

        2.    The head of the departments that have control of the classified information described in the Government Submission, after actual personal consideration, have lodged the state secrets privilege with respect to that classified information.

Deleted Classified Materials

3. Disclosure of the "Deleted Classified Materials" – as that term is defined in Footnote 3 on Page 3 of the Government Motion – to the defense or the public could reasonably be expected to cause serious damage to the national security.

4. The Deleted Classified Materials are not discoverable under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, or Rule 16 of the Federal Rules of Criminal Procedure. In addition, the Deleted Classified Materials are not helpful to the defense, that is, useful to counter the Government's case or bolster a defense, as required under United States v. Aref, 533 F.3d 72, 78 (2d Cir. 2008).

Substituted Classified Materials

5. Disclosure of the "Substituted Classified Materials" – as that term is defined in Footnote 3 on Page 3 of the Government Motion – to the defense or the public could reasonably be expected to cause serious damage to the national security.

6. A stipulation will provide the Defendant with substantially the same ability to make his defense as would disclosure of the Substituted Classified Materials. The stipulation is as follows:

> The Government stipulates that Defendant Alexei Saab ceased Hizballah-related activities in or about the spring of 2005. The Government further stipulates that Hizballah terminated its relationship with the Defendant in the spring of 2005, and no longer provided the Defendant with any assignments, tasking, or training after the spring of 2005.

Accordingly, the Government Motion is granted – subject to the stipulation set forth above – and the Deleted Classified Materials, as defined in the Government Motion, need not be disclosed to the defense.

The Government Submission is hereby sealed, and shall remain preserved in the custody of the Classified Information Security Officer, in accordance with established court security procedures, until further order of the Court.

As stated in the Court's previous order (see Dkt. No. 136), the Court will permit the defense to respond to this order, if the defense so chooses. Any response will be due by **December 27, 2021**.

Dated: New York, New York
December 10, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge