UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- *v.* -

ALEXEI SAAB,
       a/k/a "Ali Hassan Saab,"
       a/k/a "Alex Saab,"
       a/k/a "Rachid,"

                        Defendant.

19 Cr. 676 (PGG)

# THE GOVERNMENT'S REQUESTS TO CHARGE

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
*Attorney for the United States of America*

Sam Adelsberg
Jason A. Richman
Assistant United States Attorneys
    *-Of Counsel-*

# TABLE OF CONTENTS

REQUESTS TO CHARGE .................................................................................................................1

General Requests  .......................................................................................................................2

Request No. 1     The Indictment ..............................................................................................3

Request No. 2     Count Two: Material Support of Hizballah—Introduction ...........................5

Request No. 3     Count Two: Elements .....................................................................................6

Request No. 4     Count Two: First Element—Providing Material Support .............................7

Request No. 5     Count Two: Second Element—Knowledge ...................................................9

Request No. 6     Count Two: Conscious Avoidance (if applicable) ......................................12

Request No. 7     Count Two: Third Element—Jurisdictional Requirement ..........................14

Request No. 8     Count Two: First Alternative Theory of Liability—Attempt......................16

Request No. 9     Count Two: Second Alternative Theory of Liability—Aiding, Abetting, and Willfully Causing 18

Request No. 10    Count One: Material Support of Hizballah Conspiracy—Introduction.......................22

Request No. 11    Count One: Elements ...................................................................................24

Request No. 12    Count One: Element One—Existence of the Conspiracy.............................25

Request No. 13    Count One: Element Two—Membership in the Conspiracy ........................27

Request No. 14    Count One: No Overt Act Requirement .......................................................30

Request No. 15    Count Four: Military-Type Training from Hizballah—Introduction ...........31

Request No. 16    Count Four: Elements ..................................................................................32

Request No. 17    Count Four: First Element—Military-Type Training ..................................33

Request No. 18    Count Four: Second Element—Knowledge ................................................35

Request No. 19    Count Four: Third Element—Jurisdictional Requirement ..........................36

Request No. 20    Count Three: Military-Type Training from Hizballah Conspiracy— Introduction ...................37

Request No. 21    Count Three: Elements.................................................................................38

Request No. 22    Count Three: Elements—Object of the Conspiracy....................................39

Request No. 23    Count Three: Elements—Overt Act .............................................................40

Request No. 24    Count Five: Unlawful Procurement of Citizenship or Naturalization— Introduction .................42

Request No. 25    Count Five: Elements...................................................................................43

Request No. 26    Count Five: First Element—Providing False Information ..........................44

Request No. 27    Count Five: Second Element—Materiality ..................................................45

Request No. 28    Count Five: Third Element—Knowledge ....................................................46

Request No. 29    Count Five: Fourth Element—Procuring Naturalization ............................47

Request No. 30    Count Five: Alternative Theory of Liability—Attempt ...............................48

Request No. 31    Count Five: Special Interrogatory on Whether the Offense Was Committed to Facilitate an Act of International Terrorism ...................49

Request No. 32    Count Six: Marriage Fraud Conspiracy— Introduction .............................51

Request No. 33    Count Six: Elements.....................................................................................52

Request No. 34    Count Six: Object of the Conspiracy—Marriage Fraud..............................53
Request No. 35    Count Seven: Citizenship Application Fraud—Introduction ...........................54
Request No. 36    Count Seven: Elements ....................................................................................55
Request No. 37    Count Seven: First Element—False Statement ...............................................56
Request No. 38    Count Seven: Second Element—Immigration Document.................................57
Request No. 39    Count Seven: Third Element—Statement Made Under Penalty of Perjury ................................58
Request No. 40    Count Seven: Fourth Element—Materiality .....................................................59
Request No. 41    Count Seven: Fifth Element—Knowledge........................................................60
Request No. 42    Count Seven: Alternative Theory of Liability—Aiding and Abetting and Willfully Causing.......61
Request No. 43    Count Eight: Naturalization Fraud—Introduction ...........................................62
Request No. 44    Count Eight: Elements .....................................................................................63
Request No. 45    Count Eight: First Element—False Statement .................................................64
Request No. 46    Count Eight: Second Element—Naturalization Proceeding..............................65
Request No. 47    Count Eight: Third Element—Statement Made Under Oath .............................66
Request No. 48    Count Eight: Fourth Element—Knowledge......................................................67
Request No. 49    Count Eight: Alternative Theory of Liability—Aiding and Abetting and Willfully Causing......68
Request No. 50    Count Nine: False Statements—Introduction...................................................69
Request No. 51    Count Nine: Elements .....................................................................................70
Request No. 52    Count Nine: First Element—Use of a Writing or Document ............................71
Request No. 53    Count Nine: Second Element—False, Fictitious, or Fraudulent Statement .................................72
Request No. 54    Count Nine: Third Element—Materiality ........................................................73
Request No. 55    Count Nine: Fourth Element—Knowing and Willful Conduct..........................74
Request No. 56    Count Nine: Fifth Element—Matter Within the Jurisdiction of the United States......................75
Request No. 57    Count Nine: Alternative Theory of Liability—Aiding and Abetting and Willfully Causing........76
Request No. 58    Liability for Acts and Declarations of Co-Conspirators....................................77
Request No. 59    Venue ..............................................................................................................78
Request No. 60    Defendant's Testimony (If Applicable) ............................................................80
Request No. 61    Defendant's Right Not to Testify (If Requested by the Defendant).............................81
Request No. 62    Similar Act Evidence (If Applicable)................................................................82
Request No. 63    Uncalled Witness: Equally Available to Both Sides .........................................84
Request No. 64    Persons Not On Trial........................................................................................85
Request No. 65    Law Enforcement Witnesses.............................................................................86
Request No. 66    Use of Evidence Obtained Pursuant to Searches and Defendant's Statements .........................87
Request No. 67    Transcriptions and Translations .......................................................................88
Request No. 68    Redaction of Evidentiary Items (If Applicable) ...............................................89
Request No. 69    Particular Investigative Techniques Not Required (If Applicable) ..............................90
Request No. 70    Preparation of Witnesses (If Applicable) .........................................................91
Request No. 71    Charts and Summaries (If Applicable)..............................................................92

ii

Request No. 72    Expert Testimony (If Applicable) ............................................................................ 93

Request No. 73    Character Witnesses (If Applicable) ......................................................................... 94

Request No. 74    Conclusion ................................................................................................................ 95

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- *v.* -

ALEXEI SAAB,
        a/k/a "Ali Hassan Saab,"
        a/k/a "Alex Saab,"
        a/k/a "Rachid,"


                                          Defendant.

19 Cr. 676 (PGG)


## REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests that the Court include the following in its charge to the jury.

### **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.     Function of Court and Jury

b.     Statements of Court and Counsel Not Evidence

c.     Rulings on Evidence and Objections

d.     Burden of Proof and Presumption of Innocence

e.     Improper Considerations: Race, Religion, National Origin, Sex, or Age

f.     Reasonable Doubt

g.     Government Treated Like Any Other Party

h.     Definitions and Examples of Direct and Circumstantial Evidence

i.     Inferences

j.     Credibility of Witnesses

k.     Interest in Outcome

l.     Right to See Exhibits and Have Testimony Read During Deliberations

m.     Sympathy:  Oath as Jurors

n.     Punishment Is Not to Be Considered by the Jury

o.     Verdict of Guilt or Innocence Must Be Unanimous

p.     Duties of the Foreperson and Return of Verdict Form

q.     Jury's Recollection Governs

r.     Note-Taking by Jurors

s.     Variance in Dates

t.     Stipulations

Request No. 1          **The Indictment**

The defendant in this case, ALEXEI SAAB, who is also known as "Ali Hassan Saab," "Alex Saab," and "Rachid," is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence.

I will give you a copy of the Indictment to have in the jury room. We'll make additional copies so you can pass it around, but I will now summarize the charges in the Indictment.

The Indictment contains a total of nine counts. In your deliberations and in reaching your verdict, you must consider each count separately.

Count One of the Indictment charges that from at least in or about 1996 until at least in or about March 2019, the defendant participated in a conspiracy to provide material support or resources to a foreign terrorist organization, namely, Hizballah.

Count Two of the Indictment charges that from at least in or about 1996 until at least in or about March 2019, the defendant provided, attempted to provide, and aided and abetted the provision of material support or resources to Hizballah.

Count Three of the Indictment charges that from at least in or about 1996 until at least in or about 2005, the defendant participated in a conspiracy to receive military-type training from Hizballah.

Count Four of the Indictment charges that from at least in or about 1996 until at least in or about 2005, the defendant received military-type training from Hizballah.

Count Five of the Indictment charges that from at least in or about 2005 until at least in or about 2008, the defendant unlawfully procured and attempted to procure U.S. citizenship by naturalization, in order to facilitate one or more acts of terrorism.

3

Count Six of the Indictment charges that from at least in or about July 2012 until at least in or about July 2019, the defendant participated in a marriage fraud conspiracy.

Count Seven of the Indictment charges that in or about March 2015, the defendant engaged in citizenship application fraud.

Count Eight of the Indictment charges that in or about March 2015, the defendant engaged in naturalization fraud.

Count Nine of the Indictment charges that in or about March 2015, the defendant made false statements in a matter within the jurisdiction of the executive branch of the United States.

I am now going to discuss each of the charges in the Indictment in more detail.

Request No. 2         **Count Two: Material Support of Hizballah—Introduction**

I will begin with Count Two and then cover the conspiracy offense charged in Count One.

Count Two of the Indictment charges that from at least in or about 1996 until at least in or about March 2019, the defendant provided, attempted to provide, and aided and abetted the provision of material support or resources to Hizballah.

Specifically—and I am reading now from the Indictment—Count Two charges that, [*the Court is respectfully requested to read paragraph 5 of the Indictment*].

5

Request No. 3            **Count Two: Elements**

In order to sustain its burden of proof with respect to Count Two, the Government must prove beyond a reasonable doubt:

_First_, that the defendant provided material support or resources to Hizballah;

_Second_, that the defendant acted knowingly and intentionally, including with knowledge that Hizballah (A) was a designated terrorist organization, (B) has engaged in or engages in terrorist activity, or (C) has engaged in or engages in terrorism; and

_Third_, that one of the jurisdictional requirements, which I will explain shortly, is satisfied.

I will first instruct you regarding these elements, and then discuss two alternative theories of liability: "attempt" and "aiding, abetting, and willfully causing."

> Adapted from the charges of the Hon. Alvin K. Hellerstein in United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), the Hon. Richard J. Sullivan in United States v. Ullah, 18 Cr. 16 (RJS) (S.D.N.Y. 2018), and the Hon. Edgardo Ramos in United States v. El Gammal, 15 Cr. 588 (ER) (S.D.N.Y. 2017).

6

Request No. 4          **Count Two: First Element—Providing Material Support**

The first element of Count Two that the Government must prove beyond a reasonable

doubt is that the defendant provided material support or resources to Hizballah.

The term "material support or resources" is defined by the statute to include "any

property . . . or service, including," "training, expert advice or assistance, explosives, personnel

(1 or more individuals who may be or include oneself), and transportation."  The term "material

support or resources" does not include medicine or religious materials.  The defendant does not

need to have joined or become a member of the foreign terrorist organization in order to have

provided material support or resources to the organization.

The words "weapons," "lethal substances," and "explosives" have their ordinary

meanings.

The word "training" means instruction or teaching designed to impart a specific skill, as

opposed to general knowledge.

The term "expert advice or assistance" means advice or assistance derived from

scientific, technical, or other specialized knowledge.

A person provides material support or resources if he makes available, sends, or

physically transfers the support or resources.

The word "personnel" refers to one or more people jointly engaged in a common

undertaking.  The word "personnel" includes the defendant himself.  It can also include other

people.  A person provides "personnel," as that term is defined in the statute, if he provides

Hizballah with himself or one or more individuals to work under Hizballah's direction or control.

7

Individuals who act entirely independently of Hizballah to advance its goals or objectives shall not be considered to be working under the organization's direction and control.

A person provides "services," as that term is defined in the statute, when a person performs work commanded or paid for by another or done for the benefit of a foreign terrorist organization—here, Hizballah. Only work performed in coordination with, at the direction of, or for the benefit of Hizballah meets the definition of service.

If you find beyond a reasonable doubt that the defendant provided material support or resources, then this element is satisfied; however, as part of your finding, you must agree unanimously with respect to at least one of the forms of material support or resources that was provided.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), the Hon. Richard J. Sullivan in United States v. Ullah, 18 Cr. 16 (RJS) (S.D.N.Y. 2018), and the Hon. Edgardo Ramos in United States v. El Gammal, 15 Cr. 588 (ER) (S.D.N.Y. 2017); see also 18 U.S.C. § 2339A(b) (defining "material support or resources," "training," and "expert advice and assistance"); 18 U.S.C. § 2339B(g) (indicating that the definition of "material support or resources" set forth at 18 U.S.C. § 2339A(b) applies to offenses charged under 18 U.S.C. § 2339B); 18 U.S.C. § 2339B(h) (further defining provision of "personnel"); United States v. Sattar, 314 F. Supp. 2d 279, 297 (S.D.N.Y. 2004) ("The term 'provides' is not defined in § 2339A. Where words in a statute are not defined, they must be given their ordinary meaning. The plain and ordinary meaning of the transitive verb 'provide' is '[t]o furnish; supply . . . [t]o make ready . . . [t]o make available; afford.'" (other internal quotation marks and citations omitted)); United States v. Abu-Jihaad, 600 F. Supp. 2d 362, 400 (D. Conn. 2009) (adopting the definition of "personnel" set forth in Sattar).

8

Request No. 5          **Count Two: Second Element—Knowledge**

The second element of Count Two that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and intentionally.

To prove that the defendant acted knowingly, the Government must prove that he acted voluntarily, and not because of mistake or accident.

To prove that the defendant acted intentionally, the Government must prove that the defendant acted deliberately and purposefully. That is, a defendant's acts must have been the product of his conscious, objective decision.

The Government must also prove that the defendant had one or more of the following three types of knowledge: (A) knowledge that Hizballah had been designated by the Secretary of State as a terrorist organization, (B) knowledge that Hizballah engaged in or engages in "terrorist activity," or (C) knowledge that Hizballah engaged in or engages in "terrorism."

[If applicable:] The parties have stipulated, or agreed, that Hizballah—which includes the Islamic Jihad Organization—was designated by the Secretary of State as a foreign terrorist organization in 1997, and that Hizballah remains designated continuously up to today.

The term "terrorist activity" includes:

1.    Hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;

2.    Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a Government, to do or abstain from doing some act;

9

3.      A violent attack upon an internationally protected person, including employees and officials of Governments or international organizations;

4.      Assassination;

5.      Use of any chemical, biological, or nuclear weapons or device, with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property;

6.      Use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or

7.      A threat, attempt, or conspiracy to do any of the foregoing.

The term "terrorism" means premediated, politically motivated violence perpetrated against non-combatant targets by sub-national groups or clandestine agents.

The Government has satisfied its burden of proof with respect to this element if you conclude beyond a reasonable doubt that the defendant had knowledge that Hizballah had been designated by the Secretary of State as a terrorist organization or that Hizballah engaged in or engages in terrorist activity of the type I have listed or that Hizballah engaged in or engages in "terrorism" as I have defined that term.  To find that the Government has met its burden on this

10

element, you must unanimously agree as to at least one of the three categories of knowledge that

the defendant had.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in <u>United States</u> v. <u>Kourani</u>, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), the Hon. Richard J. Sullivan in <u>United States</u> v. <u>Ullah</u>, 18 Cr. 16 (RJS) (S.D.N.Y. 2018), and the Hon. Edgardo Ramos in <u>United States</u> v. <u>El Gammal</u>, 15 Cr. 588 (ER) (S.D.N.Y. 2017); <u>see also</u> 18 U.S.C. § 2339B(a)(1) (defining "terrorism" and "terrorist activity" by reference to 8 U.S.C. § 1182(a)(3)(iii) and 22 U.S.C. § 2656f(d)(2)).

Request No. 6             **Count Two: Conscious Avoidance (if applicable)**[1]

      In deciding whether the Government has proven beyond a reasonable doubt that the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious. A person may not willfully and intentionally remain ignorant of a fact that is material and important to his or her conduct in order to escape the consequences of the criminal law. We refer to this notion of intentionally blinding yourself to what is staring you in the face as conscious avoidance. In other words, the Government can satisfy its burden as to knowledge by proving either that a defendant actually knew that the crime was being committed or that he consciously avoided knowledge of the offense.

      Accordingly, if you find beyond a reasonable doubt that, during the relevant time period, the defendant was aware that there was a high probability that the offense was being committed, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge and find that this element is satisfied, unless you find that the defendant actually believed that he was acting in a lawful

---

[1] The Government respectfully reserves the right to seek a conscious avoidance instruction in connection with any and all counts in the Indictment based on arguments or evidence offered by the defendant at trial.

manner.  However, guilty knowledge may not be established by demonstrating that the defendant

was merely careless, negligent, or reckless.

The instruction I have just given applies only to the element of knowledge, not to the

element of intent.  One cannot attempt to commit or aid or abet the commission of an offense

unless the person specifically intends to do so.

> Adapted from the charges of the Hon. Paul G. Gardephe in <u>United States</u> v. <u>Landji, et al.</u>, 18 Cr. 601 (PGG) (S.D.N.Y. 2021), the Hon. Edgardo Ramos in <u>United States</u> v. <u>El Gammal</u>, 15 Cr. 588 (ER) (S.D.N.Y. 2017), and the Hon. Lewis A. Kaplan in <u>United States</u> v. <u>Ghailani</u>, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2010); <u>see also</u> <u>United States</u> v. <u>Meskini</u>, 319 F.3d 88, 92 (2d Cir. 2003) ("The evidence at trial was more than sufficient to justify a jury charge of conscious avoidance and to convict Haouari of providing material support to a terrorist act.  The district court provided a summary of the ample evidence that, at the very least, Haouari deliberately closed his eyes to Ressam's terrorist plans." (internal quotation marks omitted)).

Request No. 7          **Count Two: Third Element—Jurisdictional Requirement**

To satisfy the third element of Count Two, the Government must prove beyond a reasonable doubt one of the following jurisdictional requirements: (A) the offense occurred in whole or in part within the United States, (B) the offense occurred in or affected interstate or foreign commerce, or (C) the defendant is a national of the United States or an alien admitted for permanent residence in the United States.

The term "interstate or foreign commerce" includes the movement of goods, services, money, and individuals between any combination of states, territories, or possessions of the United States, or between the United States and a foreign country. In demonstrating that an offense occurs in or affects interstate or foreign commerce, the Government must prove that the offense could have a potential effect on interstate or foreign commerce in any way, no matter how minimal. It is not necessary to prove that the defendant's particular acts affected interstate or foreign commerce as long as the offense as a whole could have had such a potential effect. Finally, the Government is not required to prove that the defendant knew that he was affecting or could potentially affect interstate or foreign commerce.

The term "national of the United States" means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.[2] The term "lawfully admitted for permanent residence" means the status of having been

---

[2] 18 U.S.C. § 2339B(d)(1)(A) (incorporating definition of "national of the United States" from 8 U.S.C. § 1101(a)(22)).

14

lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.[3]

To find that the Government has met its burden on this element, you must unanimously agree that at least one of the jurisdictional requirements applies.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in <u>United States</u> v. <u>Kourani</u>, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), and the Hon. Edgardo Ramos in <u>United States</u> v. <u>El Gammal</u>, 15 Cr. 588 (ER) (S.D.N.Y. 2017); <u>see also</u> 18 U.S.C. § 2339B(d)(1).

---

[3] 18 U.S.C. § 2339B(d)(1)(A) (incorporating definition of "lawfully admitted for permanent residence" from 8 U.S.C. § 1101(a)(20)).

Request No. 8            **Count Two: First Alternative Theory of Liability—Attempt**

With respect to Count Two, the defendant is also charged in the alternative with <u>attempting</u> to provide material support or resources to Hizballah.  In order to find the defendant guilty on Count Two under an attempt theory, the Government must prove beyond a reasonable doubt that:

1.  the defendant intended to commit the crime charged, as I have described that crime to you; and

2.  the defendant willfully took some action that was a substantial step, in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that he intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, you must distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.  Mere preparation, without more, is not an attempt.  On the other hand, some preparations when taken together may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt where the acts themselves indicate an intent to willfully commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

There is no requirement that the attempt be successful or that the defendant actually have carried out the crime he was trying to commit.

16

If you find beyond a reasonable doubt that the defendant attempted to commit the crime

charged in Count Two, then he is guilty with respect to that Count.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in <u>United States</u> v. <u>Kourani</u>, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), and the Hon. Edgardo Ramos in <u>United States</u> v. <u>El Gammal</u>, 15 Cr. 588 (ER) (S.D.N.Y. 2017)

Request No. 9            **Count Two: Second Alternative Theory of Liability—Aiding,**
                        **Abetting, and Willfully Causing**

With respect to Count Two, the Indictment also charges the defendant with what is called

aiding and abetting and willfully causing the provision of material support or resources to

Hizballah.  These are two additional ways that you may find the defendant guilty of the crime

charged in Count Two even if you find that the defendant himself did not physically commit the

crime.  First, I will explain "aiding and abetting," and then I will explain what it means to

"willfully cause" a crime.

Aiding and abetting liability is its own theory of criminal liability.  In effect, it is a theory

of liability that permits a person to be convicted of a specified crime if the person, while not himself

physically committing the crime, assisted another person or persons in committing the crime.

The federal aiding and abetting statute, section 2(a) of Title 18 of the United States Code,

provides that:

> Whoever commits an offense against the United States or aids,
> abets, counsels, commands, induces or procures its commission, is
> punishable as a principal.

You should give these words "aids, abets, counsels, commands, induces or procures" their

ordinary meaning.  A person aids or abets a crime if he knowingly does some act for the purpose

of aiding or encouraging the commission of that crime, with the intention of causing the crime

charged to be committed.  To "counsel" means to give advice or recommend.  To "induce" means

to lead or move by persuasion or influence as to some action or state of mind.  To "procure" means

to bring about by unscrupulous or indirect means.  To "cause" means to bring something about, to

effect something.

18

In other words, it is not necessary for the Government to show that the defendant physically committed a crime in order for him to be held legally responsible for that crime. You may find that the defendant committed the substantive crime if you find that the Government has proven beyond a reasonable doubt that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged. No one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

To aid and abet another to commit a crime, it is necessary that the individual willfully and knowingly associated himself in some way with the crime, and that the individual willfully and knowingly sought by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally, and if it is done knowingly and purposefully with the intent to do something that the law forbids.

The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture, and must know that the crime is being committed and must act in a way which is intended to bring about the success of the criminal venture by taking some action to assist or encourage the commission of the crime. In addition, aiding the perpetrators only after the criminal objective has been entirely

19

accomplished, without any intent to bring about the crime before it was entirely accomplished, is insufficient to establish that the defendant was guilty of aiding and abetting.

To determine whether the defendant aided and abetted the commission of a crime, ask yourself these questions:

1. Did the defendant participate in the crime charged as something he wished to bring about?

2. Did the defendant associate himself with the criminal venture knowingly and willfully?

3. Did the defendant seek by his actions to make the criminal venture succeed?

If so, then the defendant is an aider and abettor, and therefore guilty of the offense charged in that Count.

As I mentioned, another way that a defendant can be found guilty of the crime charged in Count Two even if he did not physically commit the crime is by willfully causing someone else to commit the crime. Section 2(b) of Title 18, United States Code, relates to willfully causing a crime and reads as follows:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].

To determine whether the defendant "willfully caused" the commission of a crime, ask yourself these questions:

First, did the defendant intentionally take action that caused someone else to commit an act that would have been a crime if the defendant himself had committed that act?

Second, did the defendant intend that the crime would actually be committed by someone else?

If the answer to both of these questions is "yes," then the defendant is guilty just as if the defendant himself had physically committed the crime.

To summarize, you may find the defendant guilty of Count Two if you find that the Government has proven beyond a reasonable doubt that either: (1) the defendant physically committed this crime, or (2) the defendant aided and abetted someone else in the commission of the crime, or (3) the defendant willfully caused someone else to commit the crime.

> Adapted from Sand, Modern Federal Jury Instructions, Instrs. 11-1, 11-2; and from the charges of the Hon. Alvin K. Hellerstein in United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), and the Hon. Edgardo Ramos in United States v. El Gammal, 15 Cr. 588 (ER) (S.D.N.Y. 2017); see also United States v. Concepcion, 983 F.2d 369, 383-84 (2d Cir. 1992) ("[A]n individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries" (citations omitted)), United States v. Margiotta, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"), and United States v. Ordner, 554 F.2d 24, 29 (2d Cir. 1977) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant").

Request No. 10          **Count One: Material Support of Hizballah Conspiracy—Introduction**

As I previously mentioned, Count One of the Indictment charges that from at least in or about 1996 until at least in or about March 2019, the defendant participated in a conspiracy to provide material support or resources to Hizballah.

Specifically—and I am reading now from the Indictment—Count One charges that, [*the Court is respectfully requested to read paragraphs 1, 2, and 3 of the Indictment*].

Let me say a few words about the crime of conspiracy. A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. A conspiracy does not need to include more than two people, but it must include at least two, and it can include a number greater or even much greater than two.

Here, the conspiracy charged in Count One relates to providing material support or resources to Hizballah, which I described already in connection with Count Two. This charged conspiracy is a separate crime—that is, a distinct crime—from the <u>actual commission</u> of the crime of providing material support or resources to Hizballah as charged in Count Two. We call the actual commission of the crime, as charged in Count Two, the "substantive" crime.

22

With respect to Count One, you may find the defendant guilty of the crime of <u>conspiracy</u> to provide material support or resources to Hizballah, even if the so-called "substantive" crime— providing material support or resources to Hizballah—was not actually committed or accomplished.  Again, a conspiracy, standing alone, is a separate crime, even if the conspiracy is not successful.

> Adapted from the charges of the Hon. Katherine B. Forrest in <u>United States</u> v. <u>Mustafa</u>, 04 Cr. 356 (KBF) (S.D.N.Y. 2014), and the Hon. Alvin K. Hellerstein in <u>United States</u> v. <u>Kourani</u>, 17 Cr. 417 (AKH) (S.D.N.Y. 2019).

Request No. 11          **Count One: Elements**

To satisfy its burden of proof with respect to the <u>conspiracy</u> charge in Count One, the

Government must establish each of the following two elements beyond a reasonable doubt:

<u>First</u>, that the charged conspiracy existed, in other words, that there was an unlawful

agreement among two or more people to achieve an unlawful object or plan; and

<u>Second</u>, that the defendant knowingly and intentionally joined the conspiracy, that is, that

he knowingly and intentionally joined with at least one other person (but it could be more than

one) in the agreement to violate the law.

> Adapted from the charges of the Hon. Katherine B.
> Forrest in <u>United States</u> v. <u>Mustafa</u>, 04 Cr. 356 (KBF)
> (S.D.N.Y. 2014), and the charges of the Hon. Alvin K.
> Hellerstein in <u>United States</u> v. <u>Kourani</u>, 17 Cr. 417 (AKH)
> (S.D.N.Y. 2019).

Request No. 12          **Count One: Element One—Existence of the Conspiracy**

The first element of Count One that the Government must prove beyond a reasonable doubt is the existence of the conspiracy, in other words, that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan, which is referred to as the "object" of the conspiracy. The object of a conspiracy is the illegal goal that the conspirators agree on or hope to achieve. Whether the conspirators are in fact successful in achieving that goal is not relevant in your determination as to whether a conspiracy existed. Here, the object of the conspiracy charged in Count One was to provide material support or resources to Hizballah, which is a crime that has the elements that I will describe to you in connection with Count Two.

Now, to show a conspiracy existed, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left unsaid; that is, to an unexpressed understanding between the coconspirators. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement. From its very nature, a conspiracy is almost always characterized by secrecy and concealment. It is sufficient if two or more people, in any manner, whether they say so directly or not, come to a common understanding to violate the law. Express language or specific words are not required to indicate agreement to or membership in a conspiracy.

In determining whether there has been an unlawful agreement as alleged, you may consider the acts and the conduct of the alleged conspirators that were done to carry out the

apparent criminal purpose.  The old saying "actions speak louder than words" applies here.

When taken all together and considered as a whole, those acts and conduct may warrant the

inference that a conspiracy existed as conclusively as would direct proof.

Therefore, you must first determine whether the Government has established beyond a

reasonable doubt the existence of the conspiracy as charged in Count One of the Indictment.  In

considering this first element of Count One, you should consider all the evidence that has been

admitted with respect to the conduct and statements of each alleged conspirator in furtherance of

the conspiracy, and such inferences as may be reasonably drawn from them.  It is sufficient to

establish the existence of the conspiracy, as I have already said, if the Government proves that

the minds of at least two alleged conspirators met, that they reached an understanding, to

accomplish the illegal objective—or object—of the conspiracy.

> Adapted from the charges of the Hon. Katherine B. Forrest in
> United States v. Mustafa, 04 Cr. 356 (KBF) (S.D.N.Y. 2014), and
> the charges of the Hon. Alvin K. Hellerstein in United States v.
> Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019); see also United
> States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to
> prove conspiracy, the Government need not present evidence of
> an explicit agreement; proof of a tacit understanding will suffice.
> The conspirators need not have agreed on the details of the
> conspiracy, so long as they have agreed on the essential nature of
> the plan, and their goals need not be congruent, so long as they
> are not at cross-purposes." (citations omitted)), United States v.
> Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the
> existence of an agreement, the Government need not present
> evidence of a formal arrangement between the co-conspirators.
> Rather, it is sufficient if the Government can demonstrate that the
> defendant acted together with others to realize a common goal."
> (citations omitted)), and United States v. Rubin, 844 F.2d 979,
> 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

Request No. 13        **Count One: Element Two—Membership in the Conspiracy**

The second element of Count One that the Government must prove beyond a reasonable doubt is that the defendant knowingly and intentionally became a member of the conspiracy.

I explained the terms "knowingly" and "intentionally" in more detail when discussing the second element of Count Two, and you should apply those definitions when you consider this element of Count One.

Knowledge is something to be inferred from the proven facts. We do not yet have any way of looking into somebody's mind and knowing what the person is thinking. However, you have before you evidence of certain acts that are alleged to have been taken by the defendant or that took place in his presence.

It is not necessary that the defendant be fully informed as to all the details of an alleged conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy. He need not have known all of its activities. It is not even necessary that the defendant know or be acquainted with all of the participants in the conspiracy. In fact, the defendant may know only one other member of a conspiracy and still be a conspirator.

The duration and the extent of the defendant's participation in a conspiracy has no bearing on the issue of guilt. The defendant need not have joined a conspiracy at the outset. The defendant may have joined it for any purpose at any time in its progress, and the defendant still will be held responsible for everything that was done before he joined and everything that is done while the conspiracy continues to exist unless and until he affirmatively quits the conspiracy.

27

Every participant in the conspiracy may perform separate and distinct acts. They may perform them at different times. Some conspirators play major roles. Other conspirators play minor roles. An equal role or an important role is not what the law requires. In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

I do want to caution you, however, that the mere association by one person with another person does not make that person a member of a conspiracy, even when coupled with knowledge that a conspiracy is under way. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not enough to support a conviction. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant participate in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, you must decide that, with an understanding of the unlawful character of the conspiracy, the defendant intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering the illegal undertaking. If you make this determination, the defendant thereby became a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members. So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in

the venture until the venture is terminated, unless it is shown by some affirmative proof that the

person withdrew and dissociated himself from it.

> Adapted from the charges of the Hon. Katherine B. Forrest in
> United States v. Mustafa, 04 Cr. 356 (KBF) (S.D.N.Y. 2014), and
> the Hon. Alvin K. Hellerstein in United States v. Kourani, 17 Cr.
> 417 (AKH) (S.D.N.Y. 2019).

Request No. 14          **Count One: No Overt Act Requirement**

Count One of the Indictment contains an "overt acts" section.  It is <u>not</u> necessary for the Government to prove that any of the overt acts alleged in Count One took place, so long as the Government proves, as I have said, the existence of the conspiracy charged in Count One and that the defendant was a knowing and intentional member of the conspiracy.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in <u>United States</u> v. <u>Kourani</u>, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), and the Hon. Edgardo Ramos in <u>United States</u> v. <u>El Gammal</u>, 15 Cr. 588 (ER) (S.D.N.Y. 2017); <u>see also</u> <u>United States</u> v. <u>Ahmed</u>, 94 F. Supp. 3d 394, 431 (E.D.N.Y. 2015) ("[T]his Court . . . will not read an overt act requirement into [§ 2339B]." (internal quotation marks omitted)), and <u>United States</u> v. <u>Abdi</u>, 498 F. Supp. 2d 1048, 1064 (S.D. Ohio 2007) ("§ 2339B does not require an overt act . . . .").

Request No. 15          **Count Four: Military-Type Training from Hizballah—Introduction**

I will now turn to Count Four and then cover the conspiracy offense charged in Count Three.

Count Four of the Indictment charges that from at least in or about 1996 until at least in or about 2005, the defendant received military-type training from Hizballah.

Specifically—and I am reading now from the Indictment—Count Four charges that, [*the Court is respectfully requested to read paragraph 10 of the Indictment*].

31

Request No. 16          **Count Four: Elements**

In order to sustain its burden of proof with respect to Count Four, the Government must prove beyond a reasonable doubt:

> <u>First</u>, that the defendant received military-type training from Hizballah;

> <u>Second</u>, that the defendant acted knowingly and intentionally; and

> <u>Third</u>, that one of the jurisdictional requirements is satisfied.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in <u>United States</u> v. <u>Kourani</u>, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), and the Hon. John Gleeson in <u>United States</u> v. <u>Medunjanin,</u> 10 Cr. 19 (JG) (E.D.N.Y. 2012); <u>see also</u> <u>United States</u> v. <u>Ahmed</u>, 94 F. Supp. 3d 394, 423-24 (E.D.N.Y. 2015) (describing elements of substantive Section 2339D violation).

Request No. 17          **Count Four: First Element—Military-Type Training**

The first element of Count Four that the Government must prove beyond a reasonable doubt is that the defendant received military-type training from Hizballah.

The term "military-type training" includes training in means or methods that can cause death or serious bodily injury, destroy or damage property, or disrupt services to critical infrastructure, or training on the use, storage, production, or assembly of any explosive, firearm or other weapon, including any weapon of mass destruction.  The defendant "received" military-type training if he was provided, given, or otherwise obtained such training.

The term "bodily injury" means any cut, abrasion, bruise, burn or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary.  The term "serious bodily injury" means a bodily injury that involves one or more of the following features: a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the functions of a bodily member, organ or mental faculty.

The term "critical infrastructure" means systems and assets vital to national defense, national security, economic security, public health or safety including both regional and national infrastructure.  Critical infrastructure may be publicly or privately owned.  Examples of critical infrastructure include gas and oil production, storage, or delivery systems, water supply systems, telecommunications networks, electrical power generation or delivery systems, financing and banking systems, emergency services (including medical, police, fire, and rescue services), and transportation systems and services (including highways, mass transit, airlines, and airports).

The term "weapon of mass destruction" includes (A) any explosive or incendiary bomb, grenade, or rocket having a propellant charge of more than four ounces, and (B) any combination of parts either designed or intended for use in converting a device into a weapon of mass destruction.  The term "weapon of mass destruction" does not include any device which is neither designed nor redesigned for use as a weapon.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), and the Hon. John Gleeson in United States v. Medunjanin, 10 Cr. 19 (JG) (E.D.N.Y. 2012); see also 18 U.S.C. § 2339D(c) (defining "military type training," "serious bodily injury," "critical infrastructure"); id. § 1365(h)(3)-(4) (defining "bodily injury" and "serious bodily injury"); id. § 2339D(c)(1) (incorporating definition of "weapon of mass destruction" from 18 U.S.C. § 2332a(c)(2), which includes definition of "destructive device" from 18 U.S.C. § 921(a)(4)), and United States v. Sheehan, 838 F.3d 109, 118-19 (2d Cir. 2016) (discussing definition of "destructive device").

Request No. 18          **Count Four: Second Element—Knowledge**

The second element of Count Four that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and intentionally, and with one or more of the following three types of knowledge:  (A) knowledge that Hizballah had been designated by the Secretary of State as a terrorist organization, (B) knowledge that Hizballah engaged in or engages in "terrorist activity," or (C) knowledge that Hizballah engaged in or engages in "terrorism."  I have already instructed you on the meaning of these terms in connection with the second element of Count Two, and you should also apply those instructions when considering the second element of Count Four.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), and the Hon. John Gleeson in United States v. Medunjanin, 10 Cr. 19 (JG) (E.D.N.Y. 2012).

Request No. 19          **Count Four: Third Element—Jurisdictional Requirement**

To satisfy the third element of Count Four, the Government must prove beyond a reasonable doubt one of the following jurisdictional requirements: (A) the offense occurred in whole or in part within the United States, (B) the offense occurred in or affected interstate or foreign commerce, or (C) the defendant is a national of the United States or an alien admitted for permanent residence in the United States.  I have already instructed you on the meaning of these terms in connection with the third element of Count Two, and you should also apply those instructions when considering the third element of Count Four.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), and the Hon. John Gleeson in United States v. Medunjanin, 10 Cr. 19 (JG) (E.D.N.Y. 2012).

36

Request No. 20            **Count Three: Military-Type Training from Hizballah Conspiracy—
                          Introduction**

Count Three of the Indictment charges that from at least in or about 1996 until at least in

or about 2005, the defendant participated in a conspiracy to receive military-type training from

Hizballah.

Specifically—and I am reading now from the Indictment—Count Three charges that, [*the

Court is respectfully requested to read paragraphs 6, 7, and 8 of the Indictment*].

Request No. 21          **Count Three: Elements**

To satisfy its burden of proof with respect to the <u>conspiracy</u> charge in Count Three, the Government must prove beyond a reasonable doubt that each of the elements for a conspiracy charge have been met.  I instructed you on those elements in connection with Count One, and you should apply those instructions when you consider Count Three.  There are two additional instructions I am going to give you relating to Count Three.

Request No. 22          **Count Three: Elements—Object of the Conspiracy**

First, the object of the conspiracy charged in Count Three is different from the object of the conspiracy charged in Count One.  For Count Three, the alleged object of the conspiracy was to receive military-type training from Hizballah, which is a crime that has the elements that I already described to you in connection with Count Four.

Request No. 23          **Count Three: Elements—Overt Act**

The second difference between Count One and Count Three is that there is a third element that applies only to Count Three.  With respect to Count Three, the Government must also prove beyond a reasonable doubt that one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

The requirement of an overt act is a requirement that some step or action to further the conspiracy be taken, during the life of the conspiracy, by one of the conspirators.  In order for the Government to satisfy its burden of proof with respect to the overt act requirement, it is not necessary for the Government to prove all or even any of the particular overt acts alleged in the Indictment.  Nor must you find that the defendant himself committed any overt act.  It is sufficient for the Government to prove beyond a reasonable doubt that the defendant or one of his alleged co-conspirators knowingly committed an overt act in furtherance of the conspiracy, whether or not that particular overt act is listed in the Indictment.

You should bear in mind that an overt act, standing alone, may itself be an innocent, lawful act.  An apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme.  Therefore, an overt act does not have to be an act that is in and of itself criminal.  Similarly, an overt act does not itself have to constitute an objective of the conspiracy.  However, it does have to be committed by a conspirator in furtherance of the conspiracy.

40

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-7; <u>see also</u> <u>United States</u> v. <u>Frank</u>, 156 F.3d 332, 337 (2d Cir. 1998) ("[T]he district court's instruction is entirely consistent with the well-established rule of this and other circuits that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendant." (citing cases)), and <u>United States</u> v. <u>Bryan</u>, 122 F.3d 90, 93 (2d Cir. 1997) ("[D]efendant argues that the district court erred in charging the jury that an overt act not included in the indictment can constitute the foundation of a conspiracy conviction.  Defendant's argument fails.  The court has specifically held that a conspiracy conviction may rest on an overt act not charged in the indictment.").

Request No. 24          **Count Five: Unlawful Procurement of Citizenship or Naturalization—**
                        **Introduction**

Count Five of the Indictment charges that from at least in or about 2005 until at least in or about 2008, the defendant unlawfully procured and attempted to procure U.S. citizenship by naturalization, in order to facilitate an act of terrorism, or aided and abetted the same.

Specifically—and I am reading now from the Indictment—Count Five charges that, [*the Court is respectfully requested to read paragraph 12 of the Indictment*].

42

Request No. 25          **Count Five: Elements**

In order to sustain its burden of proof with respect to Count Five, the Government must prove beyond a reasonable doubt:

> <u>First</u>, the defendant provided false information in a naturalization proceeding;

> <u>Second</u>, the false information provided by the defendant related to a material matter;

> <u>Third</u>, the defendant acted knowingly; and

> <u>Fourth</u>, the defendant procured naturalization as a result of the false information.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in <u>United States</u> v. <u>Kourani</u>, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), and the Hon. Kenneth M. Karas in <u>United States</u> v. <u>FNU LNU</u>, 10 Cr. 756 (KMK) (S.D.N.Y. 2012); <u>see also</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 33-14.

Request No. 26          **Count Five: First Element—Providing False Information**

The first element of Count Five that the Government must prove beyond a reasonable

doubt is that the defendant provided false information in a naturalization proceeding.  A

"naturalization proceeding" includes written applications submitted to the U.S. Government in

connection with an effort to obtain naturalization.  A statement is "false" if it was not true at the

time that it was made or written.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in
> United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019),
> and the Hon. Kenneth M. Karas in United States v. FNU LNU,
> 10 Cr. 756 (KMK) (S.D.N.Y. 2012); see also Sand, Modern
> Federal Jury Instructions, Instr. 33-15.

44

Request No. 27          **Count Five: Second Element—Materiality**

The second element of Count Five that the Government must prove beyond a reasonable

doubt is that the false information provided by the defendant related to a material matter.  To

prove this element, the Government must prove that the false information provided by the

defendant had a natural tendency to influence the Government's decision such that truthful

information would have disclosed facts relevant to the defendant's qualification for citizenship.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in
> United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019),
> and the Hon. Kenneth M. Karas in United States v. FNU LNU,
> 10 Cr. 756 (KMK) (S.D.N.Y. 2012); see also Sand, Modern
> Federal Jury Instructions, Instr. 33-16; see also Maslenjak v.
> United States, 137 S. Ct. 1918, 1928 (2017) ("To decide whether
> a defendant acquired citizenship by means of a lie, a jury must
> evaluate how knowledge of the real facts would have affected a
> reasonable Government official properly applying naturalization
> law.").

Request No. 28          **Count Five: Third Element—Knowledge**

The third element of Count Five that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly. I have already defined the term "knowingly" when discussing the second element of Count Two, and you should apply that definition when you consider the third element of Count Five.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), and the Hon. Kenneth M. Karas in United States v. FNU LNU, 10 Cr. 756 (KMK) (S.D.N.Y. 2012); see also Sand, Modern Federal Jury Instructions, Instr. 33-17.

Request No. 29          **Count Five: Fourth Element—Procuring Naturalization**

The fourth element of Count Five that the Government must prove beyond a reasonable doubt is that the defendant procured naturalization as a result of providing false information.  To establish this element, the Government must prove that the defendant actually obtained United States citizenship as a result of material misrepresentations or omissions.  This means that the Government must prove that if the defendant had provided the immigration authorities with truthful information, it would have raised a fair inference that the defendant was not eligible for naturalization.

> Adapted from the charges of the Hon. Alvin K. Hellerstein in United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), and the Hon. Kenneth M. Karas in United States v. FNU LNU, 10 Cr. 756 (KMK) (S.D.N.Y. 2012); see also Sand, Modern Federal Jury Instructions, Instr. 33-18; see also United States v. Mensah, 737 F.3d 789, 807-08 (1st Cir. 2013) (affirming use of "raised a fair inference" phrase from Modern Federal Jury Instructions).

Request No. 30          **Count Five: Alternative Theory of Liability—Attempt**

With respect to Count Five, the defendant is also charged with <u>attempting</u> to unlawfully procure U.S. citizenship by naturalization, in order to facilitate one or more acts of international terrorism.  I instructed you regarding the law of attempt in connection with Count Two, and you should apply those instructions when you consider Count Five.

Request No. 31       **Count Five: Special Interrogatory on Whether the Offense Was Committed to Facilitate an Act of International Terrorism**

If, and only if, you find that the Government has proved that the defendant is guilty of committing the crime charged in Count Five, you must then determine whether the Government has proven beyond a reasonable doubt that the defendant committed this offense in order to facilitate the commission of an act of international terrorism. The verdict form will include a special interrogatory, or question, for you to indicate your determination as to this issue on Count Five.

The term "international terrorism" is defined pursuant to the statute to mean activities that:

(A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State;

(B) appear to be intended—

(i) to intimidate or coerce a civilian population;

(ii) to influence the policy of a government by intimidation or coercion; or

(iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and

(C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.

I instruct you, as a matter of law, that the term "act of international terrorism" includes the crimes charged in Counts One and Two of the Indictment, which relate to providing and

49

conspiring to provide material support or resources to Hizballah.  Therefore, if you conclude that

the Government has proven beyond a reasonable doubt that the defendant is guilty of Count One

or Count Two (or both), and that the defendant committed the crime charged in Count Five in

order to facilitate the crime charged in Count One or Two (or both), you should answer "Yes" to

the Special Interrogatory on Count Five.  If, on the other hand, you find that the Government has

not proved beyond a reasonable doubt that the defendant committed the offense charged in Count

Five to facilitate an act of international terrorism, then you should answer the special

interrogatory in the negative.

> Adapted from the charge of the Hon. Alvin K. Hellerstein in
> United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019);
> See 18 U.S.C. § 2331(1) (defining "international terrorism" for
> purposes of § 1542); Boim v. Quranic Literacy Inst., 291 F.3d
> 1000, 1013-15 (7th Cir. 2002) (concluding that violation of
> § 2339B "would certainly be sufficient" to meet the definition of
> "international terrorism" under § 2331), Goldberg v. UBS AG,
> 690 F. Supp. 2d 92, 113 (E.D.N.Y. 2010) (noting that the Seventh
> Circuit has "concluded that sections 2339A and 2339B make
> clear Congress' intent that the intentional (or reckless) provision
> of material support to a terrorist organization fulfills each prong
> of Section 2331(1)'s definition of 'international terrorism'"
> (citing cases)), Strauss v. Credit Lyonnais, S.A., 06 Civ. 0702
> (CPS), 2006 U.S. Dist. LEXIS 72649, *1 (E.D.N.Y. 2006)
> ("Violations of 18 U.S.C. § 2339B . . . are recognized as
> international terrorism under 18 U.S.C. § 2333(a)," which relies
> on the definition of "international terrorism" set forth in
> § 2331(1)), and Weiss v. Nat'l Westminster Bank PLC, 453 F.
> Supp. 2d 609, 613 (E.D.N.Y. 2006) (same).

Request No. 32          **Count Six: Marriage Fraud Conspiracy—Introduction**

Count Six of the Indictment charges that from at least in or about July 2012 until at least in or about July 2019, the defendant participated in a marriage fraud conspiracy.

Specifically—and I am reading now from the Indictment—Count Six charges that, [*the Court is respectfully requested to read paragraphs 13, 14, and 15 of the Indictment*].

Request No. 33          **Count Six: Elements**

In order to sustain its burden of proof with respect to Count Six, the Government must prove beyond a reasonable doubt:

<u>First</u>, that the conspiracy charged existed – that is, the existence of an agreement or understanding to commit the object crime alleged in the Indictment;

<u>Second</u>, that the defendant knowingly and intentionally became a member of the conspiracy; and

<u>Third</u>, that any one of the conspirators – not necessarily the defendant, but any one of the parties involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.

I have previously instructed you on the concept of a criminal conspiracy, including with respect to overt acts, and you should follow those instructions here.

> Adapted from the charges of the Hon. Loretta A. Preska in <u>United States</u> v. <u>Collins</u>, 07 Cr. 1170 (LAP) (S.D.N.Y. 2012), and the Hon. Paul A. Crotty in <u>United States</u> v. <u>Tomasetta</u>, 10 Cr. 1205 (PAC) (S.D.N.Y. 2012).

Request No. 34        **Count Six: Object of the Conspiracy—Marriage Fraud**

Here, the object of the conspiracy charged in Count Six is marriage fraud.

In order to prove a person guilty of marriage fraud, the Government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly entered into a marriage;

Second, the defendant entered the marriage for the purpose of evading an immigration law; and

Third, the defendant knew or had reason to know his conduct was unlawful.

To establish this final element, the Government must prove that the defendant acted intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. The Government is not required to prove that the defendant knew of the specific law or rule that his conduct may be violating, but it must prove that the defendant acted with the intent to do something that he knew the law forbids.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 33A-42; see also United States v. Mehta, 919 F.3d 175, 184 (2d Cir. 2019) (affirming use of Sand instruction for violation of § 1325(c)).

Request No. 35          **Count Seven: Citizenship Application Fraud—Introduction**

Count Seven of the Indictment charges that in or about March 2015, the defendant

engaged in citizenship application fraud or aided and abetted the same.

Specifically—and I am reading now from the Indictment—Count Seven charges that, [*the*

*Court is respectfully requested to read paragraph 17 of the Indictment*].

To establish a violation of the statute charged in Count Seven, the Government must

prove certain essential elements—which I will describe for you in a moment—beyond a

reasonable doubt.  The Government does not have to prove that any federal agency was, in fact,

misled as a result of the defendant's action.  It does not matter that the agency was not misled, or

even that it knew of the misleading or deceptive act, should you find that the act occurred.  These

circumstances would not excuse or justify a violation of the statute.

> Adapted from the charges of the Hon. Lewis A. Kaplan in <u>United States</u> v. <u>Dumitru</u>, 18 Cr. 243 (LAK) (S.D.N.Y. 2012); <u>see also</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 36-2.

Request No. 36          **Count Seven: Elements**

In order to sustain its burden of proof with respect to Count Seven, the Government must prove beyond a reasonable doubt:

First, that the defendant made a false statement;

Second, that the statement was made in a document required by the immigration laws or regulations;

Third, that the statement was made under oath or penalty of perjury;

Fourth, that the statement was false as to a material fact; and

Fifth, that the defendant knew the statement was false when made.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 47-8; see also the charges of the Hon. Lewis A. Kaplan in United States v. Dumitru, 18 Cr. 243 (LAK) (S.D.N.Y. 2012).

Request No. 37        **Count Seven: First Element—False Statement**

The first element that the Government must prove beyond a reasonable doubt is that the

defendant made a false statement.

A statement is "false" if it was untrue when made.  The concealment or omission of

material facts may also constitute false statements under the statute.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 47-
> 9; <u>see also</u> the charges of the Hon. Lewis A. Kaplan in <u>United</u>
> <u>States</u> v. <u>Dumitru</u>, 18 Cr. 243 (LAK) (S.D.N.Y. 2012).

Request No. 38        **Count Seven: Second Element—Immigration Document**

The second element that the Government must prove beyond a reasonable doubt is that the statement was made in a document required by the immigration laws or regulations.

The statement may have been made in an official form, but that is not required. It is also sufficient if the false statement was included in any affidavit or other document required to be attached to an application or other official form.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 47-
> 10; <u>see also</u> the charges of the Hon. Lewis A. Kaplan in <u>United
> States</u> v. <u>Dumitru</u>, 18 Cr. 243 (LAK) (S.D.N.Y. 2012).

Request No. 39        **Count Seven: Third Element—Statement Made Under Penalty of Perjury**

The third element that the Government must prove beyond a reasonable doubt is that the statement was made under penalty of perjury.

To satisfy this burden, the Government must prove that the defendant was under penalty of perjury when he subscribed as true written information submitted to U.S. Citizenship and Immigration Services.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 47-11; <u>see also</u> the charges of the Hon. Lewis A. Kaplan in <u>United States</u> v. <u>Dumitru</u>, 18 Cr. 243 (LAK) (S.D.N.Y. 2012).

58

Request No. 40          **Count Seven: Fourth Element—Materiality**

The fourth element that the Government must prove beyond a reasonable doubt is that the false statement related to a material fact.

For purposes of this charge, a fact is material if it was capable of influencing the Government's decisions or activities.  Here, the Indictment alleges that the defendant participated in making false statements in a document submitted to U.S. Citizenship and Immigration Services.  It is up to you to decide whether one of those statements was capable of influencing any decision or activity of U.S. Citizenship and Immigration Services.

Please be mindful, however, that while the Government must prove that an alleged false statement was capable of influencing a decision or activity, the Government is not required to prove that anyone actually relied on the alleged false statement.  In other words, the Government is not required to prove that anyone in fact made a decision or took any action based upon the false statements at issue.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 47-12, and from the charges of the Hon. Lewis A. Kaplan in <u>United States</u> v. <u>Dumitru</u>, 18 Cr. 243 (LAK) (S.D.N.Y. 2012).

Request No. 41        **Count Seven: Fifth Element—Knowledge**

The fifth element that the Government must prove beyond a reasonable doubt is that the defendant knew the statement was false when made.

I have already defined the term "knowingly" when discussing the second element of Count Two, and you should apply that definition when you consider the fifth element of Count Seven.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 47-
> 13; and the charges of the Hon. Lewis A. Kaplan in <u>United</u>
> <u>States</u> v. <u>Dumitru</u>, 18 Cr. 243 (LAK) (S.D.N.Y. 2012).

Request No. 42        **Count Seven: Alternative Theory of Liability—Aiding and Abetting
                       and Willfully Causing**

With respect to Count Seven, the Indictment also charges the defendant with what is

called <u>aiding and abetting</u> and <u>willfully causing</u> the commission of this crime.  These are two

additional ways that you may find the defendant guilty of the crime charged in Count Seven even

if you find that the defendant himself did not physically commit the crime.  I already instructed

you on both of these alternate theories of liability when I discussed Count Two and you should

apply those instructions here.

61

Request No. 43        **Count Eight: Naturalization Fraud—Introduction**

Count Eight of the Indictment charges that in or about March 2015, the defendant engaged in naturalization fraud or aided and abetted the same.

Specifically—and I am reading now from the Indictment—Count Eight charges that, [*the Court is respectfully requested to read paragraph 19 of the Indictment*].

Request No. 44          **Count Eight: Elements**

In order to sustain its burden of proof with respect to Count Eight, the Government must prove beyond a reasonable doubt:

First, that the defendant made a false statement;

Second, that the statement was made during a naturalization proceeding in a document required by the immigration laws or regulations;

Third, that the statement was made under oath; and

Fourth, that the defendant knew the statement was false when made.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 33-8; see also the charges of the Hon. Kenneth A. Marra in United States v. De Souza, 18 Cr. 80086 (S.D.F.L. 2019).

Request No. 45          **Count Eight: First Element—False Statement**

The first element that the Government must prove beyond a reasonable doubt is that

defendant made a false statement as alleged in the Indictment.

As I previously instructed you, a statement is "false" if it was untrue when made.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 33-
> 9; <u>see also</u> the charges of the Hon. Kenneth A. Marra in <u>United
> States</u> v. <u>De Souza,</u> 18 Cr. 80086 (S.D.F.L. 2019).

64

Request No. 46          **Count Eight: Second Element—Naturalization Proceeding**

The second element that the Government must prove beyond a reasonable doubt is that the statement was made during a naturalization proceeding in a document required by the immigration laws or regulations.

To satisfy this element, the Government must prove that the statement was made in a proceeding concerning an attempt to obtain United States citizenship or in a written form required as part of that proceeding.  It is sufficient if the false statement was included in any affidavit, attachment or other document required to be attached to an application.  It is also sufficient if the statement was made in a proceeding that was a prerequisite for a future naturalization proceeding.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 33-10; see also the charges of the Hon. Kenneth A. Marra in United States v. De Souza, 18 Cr. 80086 (S.D.F.L. 2019); see also United States v. Saab, 19 Cr. 767 (S.D.N.Y Dec. 10, 2021) (PGG) ("Accordingly, removing the conditions on CC-1's residency was a prerequisite for her naturalization at any point in the future. And given the broad language utilized in Section 1015(a), the Court concludes that the Indictment sufficiently alleges that Saab's false statement in the March 2015 petition was made in a 'matter relating to . . . any law of the United States relating to naturalization.' 18 U.S.C. § 1015(a)."); United States v. Chahla, 752 F.3d 939, 944, 948 (11th Cir. 2014) (upholding conviction under 18 U.S.C. § 1425(a), which criminalizes false statements made to "procure[] or attempt to procure[] . . . naturalization," based on statements made on lawful permanent resident application materials, including a Form I-751).

Request No. 47          **Count Eight: Third Element—Statement Made Under Oath**

The third element that the Government must prove beyond a reasonable doubt is that the statement was made under oath.

To satisfy this burden, the Government must prove that the defendant took an oath or that the defendant, under penalty of perjury, subscribed as true written information submitted as part of a naturalization proceeding.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 33-11; <u>see also</u> the charges of the Hon. Kenneth A. Marra in <u>United States</u> v. <u>De Souza</u>, 18 Cr. 80086 (S.D.F.L. 2019).

Request No. 48          **Count Eight: Fourth Element—Knowledge**

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant knew the statement was false when made.

I have already defined the term "knowingly" when discussing the second element of Count Two, and you should apply that definition when you consider the fourth element of Count Eight.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 33-12; <u>see also</u> the charges of the Hon. Kenneth A. Marra in <u>United States</u> v. <u>De Souza</u>, 18 Cr. 80086 (S.D.F.L. 2019).

Request No. 49        **Count Eight: Alternative Theory of Liability—Aiding and Abetting
and Willfully Causing**

With respect to Count Eight, the Indictment also charges the defendant with <u>aiding and
abetting</u> and <u>willfully causing</u> the commission of this crime.  These are two additional ways that
you may find the defendant guilty of the crime charged in Count Eight even if you find that the
defendant himself did not physically commit the crime.  I have previously instructed you on the
concepts of aiding and abetting and willfully causing, and you should apply those instructions
here.

68

Request No. 50        **Count Nine: False Statements—Introduction**

Count Nine of the Indictment charges that in or about March 2015, the defendant made

false statements in a matter within the jurisdiction of the executive branch of the United States.

Specifically—and I am reading now from the Indictment—Count Nine charges that, [*the*

*Court is respectfully requested to read paragraph 21 of the Indictment*].

> Adapted from Sand, <u>Modern Federal Jury Instructions,</u> Instr. 36-
> 2; <u>see also</u> the charges of the Hon. Paul A. Crotty in <u>United</u>
> <u>States</u> v. <u>Schulte</u>, 17 Cr. 548 (PAC) (S.D.N.Y. 2020), and the
> Hon. Valerie E. Caproni in <u>United States</u> v. <u>Percoco</u>, 16 Cr. 776
> (VEC) (S.D.N.Y. 2018).

Request No. 51          **Count Nine: Elements**

In order to sustain its burden of proof with respect to Count Nine, the Government must prove beyond a reasonable doubt:

First, in or about the time frame specified in the Indictment, the defendant made or used a writing or document;

Second, that the writing or document contained a false, fictitious, or fraudulent statement or entry;

Third, the statement or representation was material;

Fourth, the defendant knew that the writing contained a false, fictitious or fraudulent statement or entry, and knowingly and willfully used said writing or document; and

Fifth, the document or writing was used in a matter within the jurisdiction of the Government of the United States.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 36-15; see also the charges of the Hon. Paul A. Crotty in United States v. Schulte, 17 Cr. 548 (PAC) (S.D.N.Y. 2020), and the Hon. Valerie E. Caproni in United States v. Percoco, 16 Cr. 776 (VEC) (S.D.N.Y. 2018).

Request No. 52            **Count Nine: First Element—Use of a Writing or Document**

The first element that the Government must prove beyond a reasonable doubt is that the defendant used a writing or document.  In this regard, the Government need not prove that the defendant personally prepared the writing or document.  It is sufficient to satisfy this element if you find that he caused the writing or document charged in the Indictment to be used.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 36-16; <u>see also</u> the charges of the Hon. Paul A. Crotty in <u>United States</u> v. <u>Schulte</u>, 17 Cr. 548 (PAC) (S.D.N.Y. 2020), and the Hon. Valerie E. Caproni in <u>United States</u> v. <u>Percoco</u>, 16 Cr. 776 (VEC) (S.D.N.Y. 2018).

Request No. 53          **Count Nine: Second Element—False, Fictitious, or Fraudulent Statement**

The second element that the Government must prove beyond a reasonable doubt is that the document contained a false, fictitious or fraudulent statement.  A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the Government agency to which it was submitted.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 36-17; <u>see also</u> the charges of the Hon. Paul A. Crotty in <u>United States</u> v. <u>Schulte</u>, 17 Cr. 548 (PAC) (S.D.N.Y. 2020), and the Hon. Valerie E. Caproni in <u>United States</u> v. <u>Percoco</u>, 16 Cr. 776 (VEC) (S.D.N.Y. 2018).

Request No. 54          **Count Nine: Third Element—Materiality**

The third element the Government must prove beyond a reasonable doubt is that the

defendant's statement or representation was material.  As I previously instructed you, a fact is

material if it was capable of influencing the Government's decisions or activities.  However,

proof of actual reliance on the statement by the Government is not required.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 36-
> 12; see also the charges of the Hon. Paul A. Crotty in United
> States v. Schulte, 17 Cr. 548 (PAC) (S.D.N.Y. 2020), and the
> Hon. Valerie E. Caproni in United States v. Percoco, 16 Cr. 776
> (VEC) (S.D.N.Y. 2018).

Request No. 55          **Count Nine: Fourth Element—Knowing and Willful Conduct**

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

I have already defined the term "knowingly" when discussing the second element of Count Two, and you should apply that definition when you consider the fourth element of Count Nine.

An act is done willfully if it is done with an intention to do something the law forbids, that is, with a bad purpose to disobey the law.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 36-19; <u>see also</u> the charges of the Hon. Paul A. Crotty in <u>United States</u> v. <u>Schulte</u>, 17 Cr. 548 (PAC) (S.D.N.Y. 2020), and the Hon. Valerie E. Caproni in <u>United States</u> v. <u>Percoco</u>, 16 Cr. 776 (VEC) (S.D.N.Y. 2018).

74

Request No. 56          **Count Nine: Fifth Element—Matter Within the Jurisdiction of the United States**

The fifth element the Government must prove beyond a reasonable doubt is that the writing or document was made or used with regard to a matter within the jurisdiction of the Government of the United States. I instruct you that U.S. Citizenship and Immigration Services is a department of the United States Government.

There is no requirement that the document be actually directed to or given to the U.S. Citizenship and Immigration Services.  All that is necessary is that you find that it was contemplated that the document was to be utilized in a matter which was within the jurisdiction of the Government of the United States.  To be within the jurisdiction of a department or agency of the United States Government means that the statement must concern an authorized function of that department or agency.

It is not necessary for the Government to prove that the defendant had actual knowledge that the false statement was to be utilized in a matter that was within the jurisdiction of the Government of the United States.  It is sufficient to satisfy this element if you find that the false statement was made or taken with regard to a matter within the jurisdiction of the Government of the United States.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 36-20; see also the charges of the Hon. Paul A. Crotty in United States v. Schulte, 17 Cr. 548 (PAC) (S.D.N.Y. 2020), and the Hon. Valerie E. Caproni in United States v. Percoco, 16 Cr. 776 (VEC) (S.D.N.Y. 2018).

Request No. 57        **Count Nine: Alternative Theory of Liability—Aiding and Abetting**
   **and Willfully Causing**

With respect to Count Nine, the Indictment also charges the defendant with <u>aiding and</u> <u>abetting</u> and <u>willfully causing</u> the commission of this crime.  These are two additional ways that you may find the defendant guilty of the crime charged in Count Nine even if you find that the defendant himself did not physically commit the crime.  I have previously instructed you on the concepts of aiding and abetting and willfully causing, and you should apply those instructions here.

Request No. 58        **Liability for Acts and Declarations of Co-Conspirators**

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  Accordingly, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts or statements of all of the members of the conspiracy, and all of the members of the conspiracy are responsible for such acts or statements.  This rule applies even though such acts or statements were not made or committed in the presence of the defendant or were made or committed without his knowledge.

> Adapted from the charges of the Hon. Paul G. Gardephe in <u>United States</u> v. <u>Landji, et al.</u>, 18 Cr. 601 (PGG) (S.D.N.Y. 2021), and <u>United States</u> v. <u>John F. Gargan, et al.</u>, 18 Cr. 723 (PGG) (S.D.N.Y. 2019), and the Hon. P. Kevin Castel in <u>United States</u> v. <u>Geovanny Fuentes Ramirez</u>, 15 Cr. 379 (PKC) (S.D.N.Y. 2021).

Request No. 59        **Venue**

Federal law provides rules that govern where, that is, in what district, a criminal prosecution may be brought by the Government. These are known as "venue" rules.

With respect to Counts Three and Four, Congress has determined that acts begun or committed outside the territorial jurisdiction of the United States are chargeable under the statutes charged in those Counts. Thus, the Government need not prove that those crimes were committed entirely in this District. Instead, it is enough if you find that the location where the defendant was first arrested in the United States was in the Southern District of New York, which includes Manhattan.

With respect to all of the Counts, venue is also appropriate if the defendant caused any act in furtherance of the charged crime to occur within the Southern District of New York. For venue to be appropriate on this basis you must decide whether the crime you are considering, or any act committed or caused to be committed to further or promote that crime, occurred within the Southern District of New York.

I note that on the issue of venue and on this issue alone, the Government need not prove its position beyond a reasonable doubt. It is sufficient if the Government proves venue by a mere preponderance of the evidence. To prove something by a preponderance of the evidence means to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more convincing. If the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve this question against the Government.

> Adapted from the charges of the Hon. Paul G. Gardephe in <u>United States</u> v. <u>Landji, et al.</u>, 18 Cr. 601 (PGG) (S.D.N.Y. 2021); the Hon.

78

Alvin K. Hellerstein in <u>United States</u> v. <u>Kourani</u>, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), the Hon. Paul A. Crotty in <u>United States</u> v. <u>Campo Flores, et ano.</u>, 15 Cr. 765 (PAC) (S.D.N.Y. 2016) (regarding venue under 18 U.S.C. § 3238), and the Hon. Charles S. Haight, Jr. in <u>United States</u> v. <u>Rogers</u>, 90 Cr. 377 (CSH) (S.D.N.Y. 1991); <u>see also</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-11; <u>see also</u> <u>United States</u> v. <u>Miller</u>, 808 F.3d 607 (2d Cir. 2015) ("This language makes apparent that § 3238's application is not restricted to offenses *wholly* committed outside the jurisdiction of the United States."), and <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

Request No. 60          **Defendant's Testimony (If Applicable)**

A defendant in a criminal case does not have a duty to testify or come forward with any evidence.  Under the U.S. Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

In this case, the defendant did testify and was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness.

> See United States v. Brutus, 505 F.3d 80, 87-88 (2d Cir. 2007)
> (discussing appropriate charges when a defendant testifies).

Request No. 61          **Defendant's Right Not to Testify (If Requested by the Defendant)**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

> Adapted from the charges of the Hon. Paul G. Gardephe in <u>United States</u> v. <u>Landji, et al.</u>, 18 Cr. 601 (PGG) (S.D.N.Y. 2021), and <u>United States</u> v. <u>John F. Gargan, et al.</u>, 18 Cr. 723 (PGG) (S.D.N.Y. 2019); <u>see also</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

Request No. 62          **Similar Act Evidence (If Applicable)**

You have heard evidence that on [a] certain occasion[s], the defendant engaged in conduct similar in nature to the conduct charged in the Indictment.  Let me remind you that the defendant is only on trial for committing the acts alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Additionally, if you find that the defendant engaged in the similar acts, and if you find that the similar acts had sufficiently similar characteristics to those charged in the Indictment, then you may, but you need not, infer that the defendant was the person who committed the acts charged in the Indictment.  You also may, but you need not, infer that the acts charged in the Indictment and the similar conduct were part of a common plan or scheme committed by the defendant.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues.  You may not consider such evidence for any other purpose.  Specifically, you may not consider it as evidence that the defendant is of a bad character or have a propensity to commit crime.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-25, 5-26; see also United States v. Brand, 467 F.3d 179, 206 (2d Cir. 2006) (approving of Sand instruction on similar act evidence).

Request No. 63        **Uncalled Witness: Equally Available to Both Sides**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from the charges of the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008), and the Hon. Paul G. Gardephe in United States v. Gargan, et al., 18 Cr. 723 (PGG) (S.D.N.Y. 2019); see also Sand, Modern Federal Jury Instructions, Instr. 6-7.

84

Request No. 64          **Persons Not On Trial**

Some of the people who may have been involved in events leading to this trial are not on trial.  There is no requirement that all members of a conspiracy charged are prosecuted or tried together in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the charges of the Hon. Paul G. Gardephe in United States v. Landji, et al., 18 Cr. 601 (PGG) (S.D.N.Y. 2021), and United States v. Gargan, et al., 18 Cr. 723 (PGG) (S.D.N.Y. 2019).

85

Request No. 65          **Law Enforcement Witnesses**

You have heard testimony from law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

> Adapted from the charges of the Hon. Paul G. Gardephe in United
> States v. Landji, et al., 18 Cr. 601 (PGG) (S.D.N.Y. 2021), and
> United States v. Gargan, et al., 18 Cr. 723 (PGG) (S.D.N.Y. 2019).

Request No. 66 **Use of Evidence Obtained Pursuant to Searches and Defendant's Statements**

You have heard evidence that law enforcement officials recovered certain evidence during certain searches. This evidence was properly admitted in this case and may properly be considered by you. Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations. The Government's use of this evidence is entirely lawful. You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

You also have heard evidence of certain statements allegedly made by the defendant to the FBI. Evidence of these statements was properly admitted in this case, and may be properly considered by you. Whether you approve or disapprove of the use of these statements may not enter into your deliberations. You are to give the statements such weight as you feel they deserve in light of all the circumstances.  I instruct you that no one's rights were violated and that the Government's use of this evidence is entirely lawful.

> Adapted from the charges of the Hon. Paul G. Gardephe in United States v. Landji, et al., 18 Cr. 601 (PGG) (S.D.N.Y. 2021), and United States v. Gargan, et al., 18 Cr. 723 (PGG) (S.D.N.Y. 2019), the Hon. Alvin K. Hellerstein in United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019), and the Hon. Richard J. Sullivan in United States v. Ullah, 18 Cr. 16 (S.D.N.Y. 2018); see also 18 U.S.C. § 3501 (where an in-custody confession is admitted, the Court "shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances").

Request No. 67          **Transcriptions and Translations**

Arabic-language documents and videos have been admitted into evidence.  The Arabic

words were written down and then translated from Arabic into English.

I instruct you that it is the English translation of the conversation reflected on those

transcripts that is the evidence.  [If applicable: The English translations are the testimony of the

expert who testified about the creation of the translations, and you may accept or reject the

translations themselves, in whole or in part.] As I told you at the outset of the trial, you must accept

the English translations without regard to your own understanding of Arabic.

> Adapted from the charges of the Hon. Paul G. Gardephe in United
> States v. Landji, et al., 18 Cr. 601 (PGG) (S.D.N.Y. 2021), and the
> Hon. Paul A. Crotty in United States v. Campo Flores, et al., 15 Cr.
> 765 (PAC) (S.D.N.Y. 2016); see also United States v. Ulerio, 859
> F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit
> foreign-language transcripts in evidence).

Request No. 68          **Redaction of Evidentiary Items (If Applicable)**

We have, among the exhibits received in evidence, some documents that are redacted.

"Redacted" means that part of the document or tape was taken out.  You are to concern yourself

only with the part of the item that has been admitted into evidence.  You should not consider any

possible reason why the other part of it has been deleted.

> Adapted from the charges of the Hon. P. Kevin Castel in United
> States v. Geovanny Fuentes Ramirez, 15 Cr. 379 (PKC) (S.D.N.Y.
> 2021), and the Hon. Richard J. Sullivan in United States v. Nina, et
> al., 13 Cr. 322 (RJS) (S.D.N.Y. 2013).

Request No. 69          **Particular Investigative Techniques Not Required (If Applicable)**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities.  There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the charges of the Hon. Paul G. Gardephe in United States v. Landji, et al., 18 Cr. 601 (PGG) (S.D.N.Y. 2021), and United States v. John F. Gargan, et al., 18 Cr. 723 (PGG) (S.D.N.Y. 2019).

Request No. 70          **Preparation of Witnesses (If Applicable)**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charges of the Hon. Paul G. Gardephe in United States v. Landji, et al., 18 Cr. 601 (PGG) (S.D.N.Y. 2021), and United States v. John F. Gargan, et al., 18 Cr. 723 (PGG) (S.D.N.Y. 2019).

Request No. 71          **Charts and Summaries (If Applicable)**

The Government (and/or defense) has presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

> Adapted from the charges of the Hon. Paul G. Gardephe in <u>United States</u> v. <u>John F. Gargan, et al.,</u> 18 Cr. 723 (PGG) (S.D.N.Y. 2019), and the Hon. P. Kevin Castel in <u>United States</u> v. <u>Geovanny Fuentes Ramirez</u>, 15 Cr. 379 (PKC) (S.D.N.Y. 2021); <u>see also</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-12.

Request No. 72          **Expert Testimony (If Applicable)**

You have heard testimony from (an) expert witness(es).  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in a specialized field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony.

> Adapted from the charges of the Hon. P. Kevin Castel in United States v. Geovanny Fuentes Ramirez, 15 Cr. 379 (PKC) (S.D.N.Y. 2021), the Hon. Colleen McMahon in United States v. Gonzalez, 10 Cr. 588 (CM) (S.D.N.Y. 2010); and the Hon. Alvin K. Hellerstein in United States v. Kourani, 17 Cr. 417 (AKH) (S.D.N.Y. 2019).

Request No. 73          **Character Witnesses (If Applicable)**

There has been testimony that the defendant(s) [the Court is respectfully requested to describe the testimony, such as, has a good reputation for honesty and integrity in the community]. This testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense, and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of the defendant.  The guilt or innocence of the defendant is for you alone to determine and that should be based on all the evidence you have heard in the case.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-15; see also United States v. Pujana-Mena, 949 F.2d 24, 27-32 (2d Cir. 1991) (defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

Request No. 74          **Conclusion**

Finally, let me state that your oath, the oath you took at the beginning of the trial, sums up

your duty and that is:  without fear or favor to anyone you will well and truly try the issues, based

solely upon the evidence or lack of evidence and this Court's instruction as to the law.

Members of the jury, that concludes my instructions to you.  You may stand and stretch

while I confer with the attorneys to see if there are any additional instructions that they would like

to have me give to you or anything I may not have covered in my previous statement.  I ask you

not to discuss the case because the case has not yet been formally submitted to you.

* * * * *

Members of the jury, you may now begin your deliberations.

Date:   New York, New York
        December 20, 2021

                                        Respectfully Submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney for the
                                        Southern District of New York

                                By:     /s/
                                        Sam Adelsberg / Jason A. Richman
                                        Assistant United States Attorneys
                                        (212) 637-2494 / 2589

Cc:     Defense Counsel
        (Via ECF)