UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,

                                              19 cr. 676 (PGG)


     -against-


ALEXEI SAAB,

                Defendant.

-------------------------------------------------------X


## REQUESTS TO CHARGE


                              KIRTON LAW FIRM
                              Attorney for Defendant
                              ALEXEI SAAB
                         175 Fulton Avenue, Suite 305
                         Hempstead, New York 11550
                         (516) 833-5617 ph
                         (516) 833-5620 fax
                         kirtonlawfirm@gmail.com
                         By: Marlon G. Kirton, Esq.
                              Esere Onaodowan, Esq.
                              Alexandra Tseitlin, Esq.

The Defense requests that the Court give its usual instructions to the jury on the following matters:

a. Function of Court and Jury

b. Statements of Court and Counsel Not Evidence

c. Rulings on Evidence and Objections

d. Burden of Proof and Presumption of Innocence

e. Reasonable Doubt

f. Government Treated Like Any Other Party

g. Definitions and Examples of Direct and Circumstantial Evidence

h. Inferences

i. Credibility of Witnesses

j. Interest in Outcome

k. Right to See Exhibits and Have Testimony Read During Deliberations

l. Verdict of Guilt or Innocence Must be Unanimous

m. Jury's Recollection Governs

n. Note-Taking by Jurors

o. Duty to Base Verdict on Evidence

p. Duties of the Foreperson and Return of Verdict Form

## Count Two : Provision of Material Support of Hizballah[1]

Count Two of the Indictment charges the defendant provided material support to a foreign terrorist organization (As Designated by the Secretary of State), namely,Hizballah.

## Count Two: Elements

In order to sustain its burden of proof with respect to Count One, the Government

must prove beyond a reasonable doubt:

First, that the defendant provided material support or resources to Hizballah;

Second, that the defendant acted knowingly and intentionally, including with

knowledge that Hizballah (A) was a designated terrorist organization, (B) has engaged in orengages in terrorist activity, or (C) has engaged in or engages in terrorism; and

Third, that one of the jurisdictional requirements, which I will explain shortly, is

satisfied.

I will first instruct you regarding these elements, and then discuss two alternative

theories of liability: "attempt" and "aiding, abetting, and willfully causing."

---

[1] Adapted from *United States v. Kourani*, 17 cr. 417 (AKH).

3

## **Count Two : First Element—Providing Material Support**

The first element of Count Two that the Government must prove beyond a reasonable doubt is that the defendant provided material support or resources to Hizballah.

The term "material support or resources" is defined by the statute to include "any property . . . or service, including currency or monetary instruments," "training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation."   The term "material support or resources" does not include medicine or religious materials.   The defendant does not need to have joined or become a member of the foreign terrorist organization in order to have provided material support or resources to the organization.

The words "weapons," "lethal substances," and "explosives" have their ordinary meanings.

The word "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.

The term "expert advice or assistance" means advice or assistance derived from scientific, technical, or other specialized knowledge.

The word "personnel" refers to one or more people jointly engaged in a common undertaking.   The word "personnel" includes the defendant himself.   It can also include other people.   A person provides "personnel," as that term is defined in the statute if he provides Hizballah with himself or one or more individuals to work under Hizballah's direction or control.

A person provides "services," as that term is defined in the statute, when a person performs work commanded or paid for by another or done for the benefit of a foreign terrorist organization—here, Hizballah. Only work performed in coordination with, at the direction of, or for the benefit of Hizballah meets the definition of service.

If you find beyond a reasonable doubt that the defendant provided material support or resources, then this element is satisfied; however, as part of your finding, you must agree unanimously with respect to at least one of the forms of material support or resources that was provided.

### **Count Two: Second Element—Knowledge**

The second element of Count One that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and intentionally.

To prove that the defendant acted knowingly, the Government must prove that he acted voluntarily, and not because of mistake or accident.

To prove that the defendant acted intentionally, the Government must prove that the defendant acted deliberately and purposefully. That is, a defendant's acts must have been the product of his conscious, objective decision.

The Government must also prove that the defendant had one or more of the following three types of knowledge: (A) knowledge that Hizballah had been designated by the Secretary of State as a terrorist organization, (B) knowledge that Hizballah engaged in or engages in "terrorist activity," or (C) knowledge that Hizballah engaged in or engages in "terrorism."

The parties have stipulated, or agreed, that Hizballah—which includes the Islamic

Jihad Organization—was designated by the Secretary of State as a foreign terrorist organization on October 8, 1997, and that Hizballah remains designated continuously up to today.

The term "terrorist activity" includes:

1. Hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;

2. Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a Government, to do or abstain from doing some act;

3. A violent attack upon an internationally protected person, including employees and officials of Governments or international organizations;

4. Assassination;

5. Use of any chemical, biological, or nuclear weapons or device, with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property;

6. Use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or

7. A threat, attempt, or conspiracy to do any of the foregoing.

The term "terrorism" means premediated, politically motivated violence perpetrated against non-combatant targets by sub-national groups or clandestine agents.

The Government has satisfied its burden of proof with respect to this element if you conclude beyond a reasonable doubt that the defendant had knowledge that Hizballah had been designated by the Secretary of State as a terrorist organization or that Hizballah engaged in or engages in terrorist activity of the type I have listed or that Hizballah engaged in or engages in

"terrorism" as I have defined that term. To find that the Government has met its burden on this element, you must unanimously agree as to at least one of the three categories of knowledge that the defendant had.

## Count Two:  Third Element—Jurisdictional Requirement

To satisfy the third element of Count One, the Government must prove beyond a

reasonable doubt one of the following jurisdictional requirements: (A) the offense

occurred in whole or in part within the United States, (B) the offense occurred in or affected

interstate or foreign commerce, or (C) the defendant is a national of the United States or an alien

admitted forpermanent residence in the United States.

The term "interstate or foreign commerce" includes the movement of goods,

services, money, and individuals between any combination of states, territories, or possessions of

the United States, or between the United States and a foreign country.    In demonstrating that an

offense occurs in or affects interstate or foreign commerce, the Government must prove that the

offense could have a potential effect on interstate or foreign commerce in any way, no matter

how minimal.    It is not necessary to prove that the defendant's particular acts affected interstate

or foreign commerce as long as the offense as a whole could have had such a potential effect.

Finally, the Government is not required to prove that the defendant knew that he

was affecting orcould potentially affect interstate or foreign commerce.

The term "national of the United States" means (A) a citizen of the United States,

or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the

United States. The term "lawfully admitted for permanent residence" means the status of

having been lawfully accorded the privilege of residing permanently in the

United States as an immigrant in accordance with the immigration laws, such status not

having changed.

To find that the Government has met its burden on this element, you must

unanimously agree that at least one of the jurisdictional requirements applies.

### Count One:  Material Support of Hizballah Conspiracy—Introduction[2]

Count One of the Indictment charges that the defendant participated in a

conspiracy to provide materialsupport or resources to Hizballah.

Let me say a few words about the crime of conspiracy.   A conspiracy is a

criminal partnership—a combination or agreement of two or more persons to join together to

accomplish some unlawful purpose.   A conspiracy does not need to include more than two

people, but it must include at least two, and it can include a number greater or even much greater

than two.

Here, the conspiracy charged in Count One relates to providing material support

or resources to Hizballah.   This charged conspiracy is a separate crime—that is, a distinct

crime—from the actual commission of the crime of providing material support or resources to

Hizballah as charged in Count Two. We call the actual commission of the crime,

as charged inCount Two, the "substantive" crime.

With respect to Count One , you may find the defendant guilty of the crime of

---

[2] Adapted from *United States v. Kourani*, 17 cr. 417 (AKH).

conspiracy to provide material support or resources to Hizballah, even if the so-called

"substantive" crime—providing material support or resources to Hizballah—

was not actually committed or accomplished. Again, a conspiracy, standing alone, is a

separate crime, even if the conspiracy is not successful.

**<u>Count One:  Elements</u>**

To satisfy its burden of proof with respect to the <u>conspiracy</u> charge in Count One,

the Government must establish each of the following three elements beyond a reasonable doubt:

<u>First</u>, that the charged conspiracy existed, in other words, that there was an

unlawful agreement among two or more people to achieve an unlawful object or plan; and

<u>Second</u>, that the defendant knowingly and intentionally joined the conspiracy, that

is, that he knowingly and intentionally joined with at least one other person (but it

could be more than one) in the agreement to violate the law.

**Count One:  Element One—Existence of the Conspiracy**

The first element of Count Two that the Government must prove beyond a reasonable doubt is the existence of the conspiracy, in other words, that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan, which is referred to as the "object" of the conspiracy.    The object of a conspiracy is the illegal goal that the conspirators agree on or hope to achieve.

Whether the conspirators are in fact successful in achieving that goal is not relevant in your determination as to whether a conspiracy existed. Here, the object of the conspiracy charged inCount Two was to provide material support or resources to Hizballah, which is a crime that has the elements that I described to you in connection with Count One.

Now, to show a conspiracy existed, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.    Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left unsaid; that is, to an unexpressed understanding between the coconspirators.    It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.    From its very nature, a conspiracy is always characterized by secrecy and concealment.         It is sufficient if two or more people, in any manner, whether they say so directly or not, come to a common understanding to violate the law.    Express language or specific words are not required to indicate agreement to or membership in a conspiracy.

In determining whether there has been an unlawful agreement as alleged, you may consider the acts and the conduct of the alleged conspirators that were done to carry out the

apparent criminal purpose.   The old saying "actions speak louder than words" applies here.When taken all together and considered as a whole, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

Therefore, you must first determine whether the Government has established beyond a reasonable doubt the existence of the conspiracy as charged in Count One of the Indictment.   In considering this first element of Count Two, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged conspirator in furtherance of the conspiracy, and such inferences as may be drawn from them.

It is sufficient to establish the existence of the conspiracy, as I have already said, if the Government proves that the minds of at least two alleged conspirators met, that they reached an understanding, to accomplish the illegal objective—or object—of the conspiracy.

## <u>Count One: Element One —Membership in the Conspiracy</u>

The second element of Count One that the Government must prove beyond a reasonable doubt is that the defendant knowingly and intentionally became a member of the conspiracy.

I have already defined the terms "knowingly" and "intentionally" when discussing the second element of Count Two, and you should apply those definitions when you consider the second element of Count One.

Knowledge is something to be inferred from the proven facts.   We do not yet have any way of looking into somebody's mind and knowing what the person is thinking.

However, you have before you evidence of certain acts that are alleged to have been taken by thedefendant or that took place in his presence.

It is not necessary that the defendant be fully informed as to all the details of an alleged conspiracy in order for you to infer knowledge on his part.    To have guilty knowledge, the defendant need not have known the full extent of the conspiracy.    He need not have known all of its activities.    It is not even necessary that the defendant know or be acquainted with all of the participants in the conspiracy.    In fact, the defendant may know only one other member of a conspiracy and still be a conspirator.

The duration and the extent of the defendant's participation in a conspiracy has no bearing on the issue of guilt.    The defendant need not have joined a conspiracy at the outset.

The defendant may have joined it for any purpose at any time in its progress, and the defendant still will be held responsible for everything that was done before he joined and everything that is done while the conspiracy continues to exist unless and until he affirmatively quits theconspiracy.

Every participant in the conspiracy may perform separate and distinct acts.    They may perform them at different times.    Some conspirators play major roles.    Other conspirators play minor roles.    An equal role or a key role is not what the law requires.    In fact, evena single act can be sufficient to make a defendant a participant in an illegal conspiracy.

I do want to caution you, however, that the mere association by one person with another person does not make that person a member of a conspiracy, even when coupled with knowledge that a conspiracy is under way.    Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not enough to support a conviction.    In other words, knowledge without participation is not sufficient.    What is necessary is that the

defendant participate in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, you must decide that, with an understanding of the unlawful character of the conspiracy, the defendant intentionally engaged, advised, or assisted in the conspiracy for thepurpose of furthering the illegal undertaking.    If you make this determination, the defendant thereby became a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members.    So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmativeproof that the person withdrew and dissociated himself from it.

Count Four : Military-Type Training from Hizballah—Introduction[3]

Count Four of the Indictment charges the defendant received military-type training from Hizballah.

**Count Four  Elements**

In order to sustain its burden of proof with respect to Count Four the Government must prove beyond a reasonable doubt:

First, that the defendant received military-type training from Hizballah; Second, that the defendant acted knowingly and

---

[3] Adapted from *United States v. Kourani*, 17 cr. 417 (AKH).

intentionally; and <u>Third</u>, that one of the jurisdictional requirements is satisfied.

## Count Four : First Element—Military-Type Training

The first element of Count Three that the Government must prove beyond a reasonable doubt is that the defendant received military-type training from Hizballah.

The term "military-type training" includes training in means or methods that can cause death or serious bodily injury, destroy, or damage property, or disrupt services to critical infrastructure, or training on the use, storage, production, or assembly of any explosive, firearm,or other weapon, including any weapon of mass destruction.        The defendant "received" military-type training if he was provided, given, or otherwise obtained such training.

The term "bodily injury" means any cut, abrasion, bruise, burn or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary.    The term "serious bodily injury" means a bodily injury that involves one or more of the following features: a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the functions of a bodily member, organ, or mental faculty.

The term "critical infrastructure" means systems and assets vital to national defense, national security, economic security, public health, or safety including both regional and national infrastructure.    Critical infrastructure may be publicly or privately owned.    Examples of critical infrastructure include gas and oil production, storage, or delivery systems, water supply systems, telecommunications networks, electrical power generation or delivery systems, financing and banking systems, emergency services (including medical, police, fire, and rescue services), and transportation systems and services (including highways, mass transit, airlines, and

airports).

The term "weapon of mass destruction" includes (A) any explosive or incendiary bomb, grenade, or rocket having a propellant charge of more than four ounces, and (B) any combination of parts either designed or intended for use in converting a device into a weapon of mass destruction.   The term "weapon of mass destruction" does not include any device which is neither designed nor redesigned for use as a weapon.

### Count Four : Second Element—Knowledge

The second element of Count Three that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and intentionally, and with one or more of the following three types of knowledge:   (A) knowledge that Hizballah had been designated by the Secretary of State as a terrorist organization, (B) knowledge that Hizballah engaged in or engages in "terrorist activity," or (C) knowledge that Hizballah engaged in or engages in "terrorism."   I have already instructed you on the meaning of these terms in connection with the second element of Count One, and you should also apply those instructions when considering the second element of Count Three.

**Count Four : Third Element—Jurisdictional Requirement**

To satisfy the third element of Count Three, the Government must prove beyond a reasonable doubt one of the following jurisdictional requirements: (A) the offense occurred in whole or in part within the United States, (B) the offense occurred in or affected interstate or foreign commerce, or (C) the defendant is a national of the United States or an alien admitted for permanent residence in the United States.    I have already instructed you on the meaning of these terms in connection with the third element of Count One, and you should also apply those instructions when considering the third element of Count Three.

Count Three : Military-Type Training from Hizballah Conspiracy—Introduction

Count Three of the Indictment charges that the defendant participated in a

conspiracy to receive military-type training from Hizballah.

**<u>Count Three : Elements</u>**

To satisfy its burden of proof with respect to the <u>conspiracy</u> charge in Count Three,

the Government must prove beyond a reasonable doubt that each of the elements for a conspiracy charge have been met. I instructed you on those elements in connection with Count Four and you should apply those instructions when you consider Count Three. There are two additional instructions I am going to give you relating to Count Three.

### **Count Three: Elements—Object of the Conspiracy**

First, the object of the conspiracy charged in Count Four is different from the object of the Conspiracy charged in Count One .   For Count Three, the alleged object of the conspiracy was to receive military-type training from Hizballah, which is a crime that has the elements that I described to you in connection with Count Three.

**Count Three : Elements—Overt Act**

The second difference between Count Three and Count One is that there is a third element that applies only to Count One.      With respect to Count Three, the Government must also prove beyond a reasonable doubt that one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

The requirement of an overt act is a requirement that some step or action to further the conspiracy be taken, during the life of the conspiracy, by one of the conspirators.   In order for the Government to satisfy its burden of proof with respect to the overt act requirement, it is not necessary for the Government to prove all or even any of the particular overt acts alleged in the Indictment.   Nor must you find that the defendant himself committed any overt act.   It is sufficient for the Government to prove beyond a reasonable doubt that the defendant or one of his alleged co-conspirators knowingly committed an overt act in furtherance of the conspiracy, whether or not that particular overt act is listed in the Indictment.

You should bear in mind that an overt act, standing alone, may itself be an innocent, lawful act.   An innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. Therefore, an overt act does not have to be an act that is in and of itself criminal. Similarly, an overt act does not itself have to constitute an objective of the conspiracy. However, it does have to be committed by a conspirator in furtherance of the conspiracy.

**Count Six  - Marriage Fraud Conspiracy: Elements**

Count Six of the Indictment charges Alexei Saab with participating in a conspiracy to

commit marriage fraud in violation of Title 18, United States Code, Section 371.

> [The Court is respectfully requested to read Count Six of the
> Indictment, excluding the "overt acts" section.]

The Indictment then lists the overt acts that are alleged to have been committed in

furtherance of the conspiracy charged in Count Six. I will explain what an overt act is later in

my instructions.

> [The Court is respectfully requested to read Count Six of the
> Indictment, excluding the "overt acts" section.]

Title 18, United States Code, Section 371 provides, in relevant part:

> If two or more persons conspire … to commit any
> offense against the United States … and one or more
> of such persons do any act to effect the object of the
> conspiracy, each [is guilty of an offense against the
> United States].

Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-1.

A conspiracy is an agreement of two or more persons to join together to accomplish

some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense. It is separate

and distinct from the actual violation of any specific federal laws, which the law refers to as

"substantive crimes."

Indeed, you may find the defendant guilty of the crime of conspiracy even though the

substantive crime which was the object of the conspiracy was not actually committed.

**Elements**

24

In order to sustain its burden of proof with respect to the marriage fraud conspiracy charged in Count Six of the Indictment, the Government must prove beyond a reasonable doubt the following three elements:

First, the existence of the conspiracy, that is, the existence of an agreement or understanding to violate the laws of the United States;

Second, that the defendant knowingly and willfully became a member of the conspiracy; and

Third, that any one of the conspirators knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.

Starting with the first element, a conspiracy is a combination, an agreement, or an understanding, between two or more people to accomplish by joint action a criminal or unlawful purpose. The object of the conspiracy charged in Count Six is the commission of marriage fraud.

The government must prove beyond a reasonable doubt is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

So, you must first determine whether or not the evidence established beyond a reasonable doubt the existence of the charged conspiracy that you are considering. In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of an alleged co-conspirator, and any inferences that may be drawn from them.

Adapted from Sand et al., Modern Federal Jury Instructions, 19-4 and 19-9; the charge of the Hon. Robert P. Patterson, United States v. Liying Lin, 12 Cr. 938 (RPP) (S.D.N.Y. 2014);

Marriage Fraud: the object of a conspiracy is the illegal goal the co-conspirators agree on or hope to achieve.

Elements of the Marriage Fraud

25

Section 1325(c) of Title 8, United States Code, provides, in relevant part:

Any individual who knowingly enters into a marriage for the purpose of evading any provision of the immigration laws [shall be guilty of a crime].

There are three elements to the crime of marriage fraud:

First, that an individual knowingly entered into a marriage;

Second, that the individual entered into that marriage for the purpose of evading a provision of the United States immigration laws; and

Third, that the individual knew or had reason to know that his or her conduct was unlawful.

With respect to the first element - that an individual knowingly entered into a marriage - I instruct you that to act "knowingly" means to act intentionally and voluntarily, rather than mistakenly and by accident.

With respect to the second element - that the individual entered into that marriage for the purpose of evading a provision of the United States Immigration Laws - Federal Immigration Law permits an alien who is married to a United States citizen to obtain lawful permanent residency, so long as the marriage is not entered into for the purpose of obtaining residency.  I instruct you that an alien is any person who is not a natural born, naturalized citizen of the United States or one who has derived citizenship from his or her United States citizen parent.

With respect to the third element - that the individual knew or had reason to know that his or her conduct was unlawful - I instruct you that the Government must prove beyond a reasonable doubt that an individual acted intentionally and purposely and with the intent to evade the law. The Government is not required to prove that an individual knew of the specific law or rule that his or her conduct may be violating, but it must prove beyond a reasonable doubt that an individual acted with the intent to do something that he knew the law forbids.

26

If you conclude that the Government has proven beyond a reasonable doubt that the alleged conspiracy existed, then you must next determine the second question: whether the defendant knowingly and willfully became a member of the conspiracy - that is, whether the defendant participated in that conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

In this regard, what the Government must prove beyond a reasonable doubt is that the defendant willfully and knowingly entered into the conspiracy with a criminal intent - that is, with a purpose to violate the law - and that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering an objective of the conspiracy.

To act "knowingly" means to act intentionally and voluntarily, rather than mistakenly or inadvertently.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by words and conduct, and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from words and conduct within those circumstances.

It is for you to determine whether the Government has established beyond a reasonable doubt such knowledge and intent on the part of the defendant.

If, after considering all of the evidence in the case bearing on the defendant's state of mind, you are left with a reasonable doubt as to whether the defendant acted in good faith, you must find him not guilty of the offense charged in Count Six.

27

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.

Accordingly, if you find that the government has met its burden with respect to all of the elements of Count Six, then you must find the defendant guilty of the offense charged in Count Six. However, if you find that the government has not met its burden with respect to any of the elements of Count Six, then you must find the defendant not guilty of the offense charged in Count Six

## Count Seven: Citizenship Application Fraud

Count Seven of the Indictment charges Mr. Saab with Citizenship Application Fraud, in violation of Title 18, United States Code, Section 1546(a), and charges in pertinent part:

> In or about March 2015 in the Southern District of New York and elsewhere, Mr. Saab knowingly subscribed as true under penalty of perjury, and aided and abetted and caused the subscription as true under penalty of perjury, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and knowingly presented, and aided and abetted and caused the presentation of, such an application, affidavit, and other document which contained such false statement and which failed to contain and reasonable basis in law and fact, to wit, SAAB and CC-1 jointly filed the Petition in which they falsely affirmed under penalty of perjury that their marriage "was not for the purpose of procuring an immigration benefit".

**Elements**

To prove the defendant guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant made a false statement; and

Second, that the statement was under oath; and

Third, that the statement was presented in a document; and

Fourth, that the document in question was a citizenship application; and

Fifth, that the statement was false as to a material fact; and

28

<u>Sixth</u>, that the defendant knew that the statement was false when made.

<u>Count Seven – First Element: False Statement</u>

The first element the government must prove beyond a reasonable doubt is that the defendant made a false statement. A statement is "false" if it was untrue when it was made.

Adapted from United States v. Tischler, No. 11-Cr-424 (NRB), Document 219

To "make" a false statement means to write or cause to be written a statement that is false on an immigration document. To meet its burden of proof to establish beyond a reasonable doubt that a statement was "made," the Government must prove how the statement was written or caused to be written by the defendant on the document in question as is charged in Count Seven of the Indictment.

<u>Count Seven – Second Element: Under Oath</u>

The second element that the government must prove beyond a reasonable doubt is that the statement was made under oath. A statement is made "under oath" if the maker of the statement took an oath, testified truly before the United States Citizenship and Immigration Services ("USCIS"), or the maker of the statement, under penalty of perjury, subscribed as true, written information that was presented to USCIS.

Adapted from United States v. Tischler, No. 11-Cr-424 (NRB), Document 219

<u>Count Seven – Third Element: Presented in a Document</u>

To "present" means to submit an immigration document to immigration officers in an attempt to receive an immigration benefit.

<u>Count Seven – Fourth Element: Citizenship Application</u>

The fourth element the government must prove is that the immigration document

in question was a citizenship application or affidavit or other document required to be attached to a citizenship application, affidavit, or other document required for applying for United States citizenship.   To meet its burden of proof to establish beyond a  reasonable doubt that the document in question was a citizenship application, the government must prove that the document in question is the official form created, accepted, and used by USCIS for applicants seeking United States citizenship.   The government must prove that the intended and direct purpose of the document in question was for applicants to obtain United States citizenship upon the document's submission to immigration.   To meet their burden of proof beyond a reasonable doubt, the government must also show that the defendant knew that direct and intended purpose for the document in question was to obtain or procure citizenship.

Count Seven – Fifth Element: Materiality

The fifth element the government must prove is that the statement was false as to a material fact.  A fact is "material" if it has a natural tendency to influence the decision of the decision-making body to which it is addressed. In other words, the government must prove beyond a reasonable doubt that the false statement by the defendant had a natural tendency to influence the USCIS's decision to issue citizenship, not simply that the defendant made any false statement.

Adapted from L. Sand, J. Siffert, W. Loughlin, S. Reiss, S. Allen, J. Rakoff, Modern Federal Jury Instructions, § 47.01 (2014 ed.).; United States v. Pirela Pirela, No. 14-CR-20099, 2014 WL 11369635, at * 3 (S.D. Fla. Jul. 15, 2014), aff'd, 809 F.3d 1195 (11th Cir. 2015); United States v. An Antique Platter of Gold, 184 F.3d 131, 136 (2d Cir. 1999).

> See, Kungys v. United States, 485 U.S. 759, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988).  In Kungys, the Supreme Court considered the materiality (of a misrepresentation) requirement in a denaturalization proceeding under 8 U.S.C. § 1451(a). 485 U.S. at 773.

The defendant made misrepresentations in a 1947 visa proceeding and a 1954 naturalization proceeding, both of which became a basis for a petition to denaturalize him. Id. at 773. In the Court's opinion with respect to Part II–B, which was joined by three Justices, the Court concluded that it was improper to consider the misrepresentations made in the 1947 visa proceedings "insofar as application of the 'concealment or misrepresentation' clause of § 1451(a) is concerned," finding that this clause applies only where naturalization was procured by the willful concealment or misrepresentation of a material fact. Id. "Procurement of other benefits, including visas, is not covered." Id. The Court was unpersuaded by the government's argument that "a misrepresentation in the visa proceeding 'procures' the naturalization because it obtains United States residence, which in turn is a prerequisite to naturalization, see 8 U.S.C. § 1429." Id.

Count Seven – Sixth Element: Knowingly

The sixth element the government must prove is that the defendant knew that the statement was false when the statement was made.  To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.  A false statement is made "knowingly" if, at the time it was made, the defendant was aware that the statement was not true. If the defendant made the false statement due to a mistake or accident, or through mere negligence or for some other innocent reason, or if he believed it was true when he made it, then it was not made "knowingly."  The burden of proving good faith does not rest with the defendant, because he has no obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted knowingly. In other words, the government must prove beyond a reasonable doubt that the defendant did not act in good faith.

If, after considering all of the evidence in the case bearing on the defendant's state of mind at the time of the offense, you are left with a reasonable doubt as to whether the defendant acted in good faith, you must find him not guilty of the offense charged in Count Seven.

Count Seven also charges the defendant with aiding and abetting citizenship application fraud. Elements five through nine must be proved to satisfy the government's burden under the aiding and abetting statute. A person who aides and abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find the defendant guilty of the substantive crime of citizenship application fraud if you find that the government has proven beyond a reasonable doubt that CC-1 actually committed the crime of citizenship application fraud and that the defendant aided and abetted CC-1 in the commission of the offense. Obviously, no one can be convicted of aiding and abetting the criminal act of another if no crime was committed by the other person in the first place. But if you do find that citizenship application fraud was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself with the crime, and that he willfully and knowingly seeks, by some act, to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally; that is to say, with a bad purpose, either to disobey or disregard the law. The mere presence of the defendant when a crime is being committed, even coupled with knowledge by that defendant that a crime is being committed, or the mere acquiescence by the defendant in a criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abetter must know that a crime is being committed and act in a way that is intended to bring about the success of the criminal venture. To determine whether the defendant aided or abetted the commission of the crime with which he was charged, ask yourself whether the defendant participated in the crime charged as something he wished to

32

bring about, associated himself with a criminal venture knowingly and willfully, and sought by his actions to make the  criminal venture succeed. If the defendant did, then he is an aider and abetter and, therefore, guilty of the offense of citizenship application fraud. If, on the other hand, your answer to any one of those questions is no, then the defendant is not an aider and abetter, and you may not find him guilty.  You must find him not guilty.

Aiding and Abetting: Adapted from United States v. Tischler, No. 11-Cr-424 (NRB), Document 219, pages 114-117

## Count Eight  - False Statement under Oath in a Matter Relating to Naturalization or Citizenship: Elements

Count Eight Section 1015(a), last amended on October 30, 2000, reads as follows:

case,
of the United

"Whoever knowingly makes any false statement under oath, in any proceeding, or matter relating to, or under, or by virtue of any law States relating to naturalization, citizenship, or registry of aliens…

Count Eight alleges that on or about July 2012, Saab married a co-conspirator ("CC-1"), in Manhattan, New York, so that CC-1 could obtain citizenship benefits in the United States in that in or about March 2015, Saab and CC-1 filed a joint petition (the "Petition") seeking to remove conditions on CC-1's residence.  In the Petition, both Saab and CC-1 falsely affirmed under penalty of perjury that their marriage "was not for the purpose of procuring an immigration benefit".

Count Eight further alleges that "in or about March 2015, in the Southern District of New York and elsewhere, ALEXEI SAAB, a/k/a "Ali Hassan Saab, " a/k/a "Alex Saab," a/k/a "Rachid," the defendant, knowingly made, and aided and abetted the making of, a false statement under oath, in a case, proceedings and matter relating to, under, and by virtue of a law of the United States relating to naturalization, citizenship, and registry of aliens, to wit, SAAB affirmed, and aided and abetted CC-1's affirmance, in the Petition, under the penalty of perjury, that their marriage "was not for the purpose of procuring an immigration benefit."

In order to sustain its burden of proving the defendant guilty of the offense charged in Count Eight, the government must prove the following beyond a reasonable doubt:

1.    The defendant made a statement;

2.    The statement was made under oath;

3.    The statement was false;

4.     The statement was material.

5.     The defendant made the false statement unlawfully, willfully, and knowingly; and

6.     The material false statement was made in a matter relating to his naturalization, citizenship, or registry of aliens.

### Count Eight – First Element: Statement

The first element that the government must prove beyond a reasonable doubt is that the defendant made a statement. A "statement" is an affirmative representation or assertion of fact, whether oral or written.

### Count Eight – Second Element: Under Oath

The second element that the government must prove beyond a reasonable doubt is that the defendant made the statement at issue under oath. "Under oath" means that the statement is made as a solemn declaration, accompanied by a swearing to God or a revered person or thing, that the statement is true.

See Black's Law Dictionary (8th Ed. 2004).

### Count Eight – Third Element: Falsity

The third element that the government must prove beyond a reasonable doubt is that the statement was false. A statement is "false" if it is contrary to fact at the time it is made.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 36-13.

### Count Eight – Fourth Element: Materiality

The fourth element that the government must prove beyond a reasonable doubt is that the statement was material. For the purposes of the offense charged in Count Eight, a statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the immigration official or officials to whom it was addressed.

In addition, for you to conclude that the government has proven beyond a reasonable

doubt that the statement at issue was material, the government must also introduce evidence

sufficient to raise a fair inference that the statement related to a matter that would have made

the defendant actually ineligible for citizenship or naturalization.

> See, Kungys v. United States, 485 U.S. 759, 798 n.9 (1988)(Stevens, J., concurring)("Courts have construed [Section 1015(a)] to contain a requirement that the false statement be material"); United States v. Laut, 17 F.R.D. 31 (S.D.N.Y. 1955)(materiality is an element); United States v. Udani, 141 F.Supp. 30 (S.D.Ca. 1956)(same); United States v. Puerta, 982 F.2d 1297, 1304-05 (9th Cir. 1992)(materiality includes requirement of evidence of ineligibility: the Court holds that a misrepresentation is material if it has "a natural tendency to produce the conclusion that the applicant was qualified" for citizenship. A misrepresentation or concealment can be said to have such a tendency, the Court explains, if honest representations "would predictably have disclosed other facts relevant to [the applicant's] qualifications." Proof by clear, unequivocal, and convincing evidence that the misrepresentation had this tendency raises a presumption of ineligibility, which the naturalized citizen is then called upon to rebut.)

### Count Eight – Fifth Element: Knowing and Willful Conduct

If you conclude that the government has proven beyond a reasonable doubt that the

defendant made a material false statement under oath, you must then decide whether the

government has proven beyond a reasonable doubt that he did so knowingly, willfully, and

unlawfully. That is, the government must prove that, at the time the false statement was made,

the defendant knew and believed that his statement was false, and that did he made the

statement with the intent to deceive.

A false statement is made "knowingly" if, at the time it was made, the defendant was

aware that the statement was not true. If the defendant made the false statement due to a

mistake or accident, or through mere negligence or for some other innocent reason, or if he

believed it was true when he made it, then it was not made "knowingly."

A false statement is made "willfully" if it is done deliberately and purposefully, and with

the specific intent to deceive the person or persons to whom the statement is made.

"Unlawfully" simply means contrary to law. While the defendant need not have known

that he or she was violating any particular statute, the government must prove beyond a reasonable doubt that he or she was aware of the unlawful nature of his acts.

With respect to these elements, I further instruct you that the good faith of the defendant is a complete defense to the offense charged in Count Eight, because good faith on the part of the defendant is inconsistent with a finding that he or she knowingly and willfully made a false statement.

A person who acts on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest error in judgment or mistake or fact negates the requirements of knowledge and willfulness required by the statute.

The offense charged in Count Eight is intended to subject to criminal punishment only persons who knowingly and willfully attempt to deceive. While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held or an absence of malice or ill will.

The burden of proving good faith does not rest with the defendant, because he has no obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted knowingly and willfully. In other words, the government must prove beyond a reasonable doubt that the defendant did not act in good faith.

If, after considering all of the evidence in the case bearing on the defendant's state of mind at the time of the offense, you are left with a reasonable doubt as to whether the defendant acted in good faith, you must find him not guilty of the offense charged in Count Eight.

Definition of Willfulness: United States v. Worthington, 822
F.2d 315, 319 (2d Cir. 1987)("a false statement is defined as one that is more
than merely untrue or erroneous, rather it implies that the statement is
designedly untrue and made with intention to deceive the person to whom the
false statement is made or exhibited)(citation and internal quotation marks

omitted).

        <u>Count Eight - Sixth Element: Matter Relating to Citizenship, Naturalization or Alien Registry.</u>

        The sixth element that the government must prove beyond a reasonable doubt with respect to Count Eight is that the material false statement was made in a matter relating to his naturalization or citizenship.

        You The term "naturalization" which can also include "citizenship," means the conferring of nationality of a state upon a person after birth, by any means whatsoever.

        See 8 U.S.C. 1101 (23)

        ***Kungys v. United States***, **485 U.S. 759**, **108 S.Ct. 1537**, 99 L.Ed.2d 839 (**1988**), In ***Kungys***, the Supreme Court considered the materiality (of a misrepresentation) requirement in a denaturalization proceeding under 8 U.S.C. § 1451(a). **485 U.S. at 773**. The defendant made misrepresentations in a 1947 visa proceeding and a 1954 naturalization proceeding, both of which became a basis for a petition to denaturalize him. ***Id*. at 773**. In the Court's opinion with respect to Part II–B, which was joined by three Justices, the Court concluded that it was improper to consider the misrepresentations made in the 1947 visa proceedings "insofar as application of the 'concealment or misrepresentation' clause of § 1451(a) is concerned," finding that this clause applies only where *naturalization* was procured by the willful concealment or misrepresentation of a material fact. *Id*. "Procurement of other benefits, including visas, is not covered." *Id*. The Court was unpersuaded by the government's argument that "a misrepresentation in the visa proceeding 'procures' the naturalization because it obtains United States residence, which in turn is a prerequisite to naturalization, see 8 U.S.C. § 1429." *Id*. However, the Court noted the following:  It is a quite different question, whether, under the statutes governing the issuance of visas in 1947, Kungys' misrepresentations or concealments at that time *rendered his visa invalid,* thus causing his United States residence to be unlawful, and (since lawful residence is a requirement of naturalization) his naturalization to be "illegally procured" under that separate provision of § 1451(a). ***Id*. at 774 n. 8**

## Count Nine: False Statements

**The Statute and Indictment**

Count Nine charges Mr. Saab with making false statements, in violation of Title 18, United States Code, Section 1001 and charges in pertinent part:

> "The allegations in paragraph 15 of the indictment are repeated, realleged, and incorporated by reference, as if fully set forth here. It is further alleged that in or about March 2015, in the Southern District of New York and elsewhere, Alexei Saab, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up by trick, scheme, and device a material fact, and made materially false, fictitious, and fraudulent statements and representations, and made and used a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, and aided and abetted the same, to wit, Saab affirmed, and aided and abetted CC-1's affirmance, under penalty of perjury, the false statement contained in the Petition."

**Elements**

In order to find Mr. Saab guilty of Count Nine, the Government must prove beyond a reasonable doubt the following elements:

1. That Mr. Saab made a statement; and

2. That the statement was false; and

3. That the statement was made in a matter within the jurisdiction of the judicial, legislative, or executive branch of the United States government; and

4. That the statement was material; and

5. That Mr. Saab made such statement knowing that it was false.

## Count Nine – First Element: Statement

Under the false statements statute there is no distinction between written and oral statements.  The government must prove that Mr. Saab physically made or otherwise personally prepared the statement, writing, or document in question.

 Count Nine – Second Element: Falsity

The government must prove beyond a reasonable doubt that the statement was false, fictitious, or fraudulent.  A statement or representation is false or fictitious if it was untrue when made and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is fraudulent if it was untrue when made, and was made or caused to be made, with the intent to deceive the government agency to which it was submitted.  If the governmental agency's question request in response to which the statement or representation was ambiguous so that it could have been interpreted in several ways, then the government must prove that the defendant's answer was false, under any reasonable interpretation of the question.

Adapted from: United States v. Tischler, No. 11-Cr-424 (NRB), Document 219

Count Nine – Third Element: a matter within the jurisdiction of the judicial, legislative, or executive branch of the United States government

The government must prove that the statement was made in a matter within the jurisdiction of the judicial, legislative, or executive branch of the United States government.  It has been well established that all immigration issues are matters within the jurisdiction of the executive branch.

See, Sharkey v. Ganter, No. 05 CIV. 5577 (PAC), 2006 WL 177156, at *4 (SDNY Jan. 24, 2006), rev'd and remanded sub nom. Sharkey v. Quarantillo, 541 F.3d 75 (2d Cir. 2008), cf. INS v. Aguirre-Aguirre, 526 US 415, 425 (1999) (explaining that the executive branch has plenary power over immigration issues)

I charge you that the United States Customs and Immigration Services is a part of the Executive Branch of the government and is a department of the United States government. The government must prove that Mr. Saab contemplated that the document would be utilized in a manner which was within the jurisdiction of the USCIS or which concerned an authorized function of the agency.

Count Nine – Fourth Element: Materiality

The fourth element the government must prove is that the statement was false as to a material fact. A fact is "material" if it has a natural tendency to influence the decision of the decision-making body to which it is addressed. In other words, the government must prove beyond a reasonable doubt that the false statement by the defendant had a natural tendency to influence the USCIS's decision to issue citizenship, not simply that the defendant made any false statement.

Adapted from L. Sand, J. Siffert, W. Loughlin, S. Reiss, S. Allen, J. Rakoff, Modern Federal Jury Instructions, § 47.01 (2014 ed.).; United States v. Pirela Pirela, No. 14-CR-20099, 2014 WL 11369635, at * 3 (S.D. Fla. Jul. 15, 2014), aff'd, 809 F.3d 1195 (11th Cir. 2015); United States v. An Antique Platter of Gold, 184 F.3d 131, 136 (2d Cir. 1999).

See, Kungys v. United States, 485 U.S. 759, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988). In Kungys, the Supreme Court considered the materiality (of a misrepresentation) requirement in a denaturalization proceeding under 8 U.S.C. § 1451(a). 485 U.S. at 773. The defendant made misrepresentations in a 1947 visa proceeding and a 1954 naturalization proceeding, both of which became a basis for a petition to denaturalize him. Id. at 773. In the Court's opinion with respect to Part II–B, which was joined by three Justices, the Court concluded that it was improper to consider the misrepresentations made in the 1947 visa proceedings "insofar as application of the 'concealment or misrepresentation' clause of § 1451(a) is concerned," finding that this clause applies only where naturalization was procured by the willful concealment or misrepresentation of a material fact. Id. "Procurement of other benefits, including visas, is not covered." Id. The Court was unpersuaded by the government's argument that "a misrepresentation in the visa proceeding 'procures' the naturalization because it obtains United States residence, which in turn is a prerequisite to naturalization, see 8 U.S.C. §

1429." <u>Id.</u>

<u>Count Nine – Fifth Element: Knowingly and Willfully</u>

If you find that the government has established elements one, two,

three and four, the fifth and final element that the government must prove beyond a reasonable

doubt is that the statement described in element one was made knowingly, willfully, and with a

specific intent to make a false statement to the United States government.   To act "knowingly"

means to act voluntarily and deliberately, rather than mistakenly or inadvertently.  To act

willfully means to act knowingly and purposefully with the intent to do something the law

forbids; that is to say with a bad purpose to disobey or to disregard the law.

  Adapted from: <u>United States v. Tischler</u>, No. 11-Cr-424 (NRB), Document 219