# KIRTON LAW FIRM

*Marlon G. Kirton, Esq.*

_____

*Nassau County:*
*175 Fulton Avenue, Suite 305*
*Hempstead, New York 11550*
*Tel. # (516) 833-5617*
*Fax # (516) 833-5620*

April 3, 2022

VIA ELECTRONIC FILING

Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States v. Alexei Saab, 19 cr. 676 (PGG)*

Dear Judge Gardephe:

     I represent Alexei Saab in the above-referenced matter. This Court scheduled a jury trial commencing April 20, 2022. The Defense moves, pursuant to Rule 15 of the Federal Rules of Criminal Procedure (FRCP) that Defense expert Michele Bush be deposed before the trial to preserve her testimony for the jury. In the alternative, the Defense requests that Ms. Bush be allowed to testify live via closed-circuit television (CCTV). The parties may craft a stipulation to resolve this issue.

## CASE LAW

     The Sixth Amendment requires that "In all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him."[1] The common law tradition was for live testimony in criminal cases. The Framers would not have allowed the admission of testimonial statements of a witness who did not appear unless the witness was unavailable to testify, and the defendant had a prior opportunity for cross-examination.[2] The Supreme Court reasoned that the confrontation right promotes reliability in criminal trials.[3] The truth-finding

---

[1] *United States v. Mostafa,* 14 Supp.3d 515,518 (SDNY 2014).; citing the Sixth Amendment of the United States Constitution.
[2] *Mostafa* at 518 citing; *Crawford v. Washington*, 541 U.S. 36, 43 (2004) and *United States v. Gigante,* 168 F.3d 75, 81 (2nd Cir. 1999).
[3] *Mostafa* at 518 citing; *Lee v. Illinois*, 476 U.S. 530, 540 (1986).

1

function is promoted where 1. The witness must testify under oath, 2. The witness is cross-examined, and 3. The jury can evaluate the witness's demeanor.[4]

Rule 15 of the FRCP provides that a trial court may grant a motion to take a deposition on notice because of exceptional circumstances.[5] The Second Circuit has held that Rule 15 depositions may proceed where 1. The witness's testimony is material; 2. The witness is unavailable, and 3. Allowing the testimony furthers the interests of justice.[6]

## TESTIMONY IS RELEVANT

Ms. Bush's testimony is relevant.[7] In the case at bar, a grand jury, inter alia, indicted Mr. Saab for material support of a designated foreign terrorist organization. The Government will present evidence at trial that Mr. Saab downloaded and saved Hezbollah-related material onto his devices. The Government will argue that Mr. Saab's possession of these materials indicates material support for Hezbollah. Ms. Bush will testify, inter alia, 1. There is no proof of the origin of the download, 2. There is no proof that Mr. Saab read or reviewed any of the material, 3. There is no proof that Mr. Saab shared the material, 4. Mr. Saab made a mass download of material in 2013, including the Hezbollah-related material. There is no proof that this download was anything other than an administrative act. 5. The Hezbollah material was not organized in the same file or subfile. The materials were randomly scattered on Mr. Saab's devices. Ms. Bush's testimony directly refutes the testimony of the Government expert.

## WITNESS IS UNAVAILABLE

Ms. Bush is unavailable to testify in person because she will be out of the country on vacation.[8] A witness is unavailable if the moving party has made good faith efforts to procure the witness to testify and cannot get the witness to appear.[9] The moving party need not submit affidavits in support of an assertion of unavailability.[10]

In the case at bar, the Defense requested that Ms. Bush appears in person, but she refused. Ms. Bush made it clear that she has spent a great deal of time and resources to plan this overseas trip. She would lose substantial funds if she canceled her plans to travel to Europe to appear for Mr. Saab's trial. She is available to be deposed remotely prior to her travel to Europe on April 11, 2022. She can also appear via CCTV at the trial in lieu of an in-person appearance.

---

[4] *Mostafa* at 518 citing; *California v. Green*, 399 U.S. 149, 158 (1970).

[5] *Mostafa* at 519.

[6] *United States v. Avenatti*, 2022 U.S. Dist. LEXIS 5395 citing; *Gigante* at 81.

[7] The Defense provided the Government written notice pursuant to Rule 16 of the FRCP on March 14, 2022. See Attached.

[8] Ms. Bush will be on vacation in Europe from April 11, 2022, to May 3, 2022.

[9] *United States v. Vilar,* 568 F.Supp2d 429, 438 (SDNY 2008), *citing United States v. Johnpoll,* 739 F.2d 702, 709 (2nd Cir. 1984).

[10] *Id.*

2

## INTERESTS OF JUSTICE

If a party meets the first two prongs, it is normally enough to meet the interests of justice prong.[11] A defendant should be offered the opportunity to present any and all exculpatory, admissible at trial.[12]

In the case at bar, the Defense seeks to offer evidence that directly contradicts the Government's forensics evidence. The Government will seek to offer forensics evidence through its forensics expert. The Defense has received the Government's Rule 16 notice of the proposed testimony. Ms. Bush has worked with our forensics expert Tami Loehrs from the beginning of the case. She has worked closely with the Defense team in helping us understand all of the forensics evidence. She is the only person that can testify at trial because any other expert will not be able to become familiar with the facts of this case between now and April 20, 2022. The Defense believes that her testimony should be allowed via deposition or via CCTV in the interests of justice.

## CONCLUSION

The Defense requests that this application be granted in its entirety, or the alternative, a hearing be granted.

Please contact me if you have any questions or concerns.

Sincerely,

s/Marlon G. Kirton
Marlon G. Kirton, Esq.


cc: Jason Richman, Assistant United States Attorney (via electronic mail)
    Samuel Adelsberg, Assistant United States Attorney (via electronic mail)
    Esere Onaodowan, Esq. (via electronic mail)
    Alexandra Tseitlin, Esq. (via electronic mail)

---

[11] *United States v. Mohamed Tahlil Mohamed*, 2020 U.S. Dist. LEXIS 58113 at*20.
[12] *Id.*

3