UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

ALEXEI SAAB,

                          Defendant.

**ORDER**

19 Cr. 676 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Defendant Alexi Saab has indicated that he intends to raise a statute of limitations defense at trial with respect to Counts One, Two, and Four of the Indictment. (See Def. Mot. In Limine ("MIL") Opp. Br. (Dkt. No. 155) at 11)

        Ordinarily, the statute of limitations for the terrorism offenses charged in Counts One, Two, and Four would be eight years. (See Indictment (Dkt. No. 6) ¶¶ 1-5, 9-10 (alleging violations of 18 U.S.C. §§ 2339B and 2339D); 18 U.S.C. § 3286(a) (providing that "no person shall be prosecuted, tried, or punished for any noncapital offense involving a violation of any provision listed in [18 U.S.C. § 2332b(g)(5)(B)] unless the indictment is found or the information is instituted within 8 years after the offense was committed"); id. § 2332b(g)(5)(B) (defining "Federal crime of terrorism" to include violations of "[18 U.S.C. §] 2339B (relating to providing material support to terrorist organizations)" and "[18 U.S.C. §] 2339D (relating to military-type training from a foreign terrorist organization)").

        In this case, the Government will be stipulating that Defendant ceased Hizballah-related operational activities in or about the spring of 2005, and that Hizballah terminated its relationship with Defendant in the spring of 2005, and no longer provided him with any assignments, tasking, or training after the spring of 2005. (See Dec. 10, 2021 Order (Dkt. No.

138) ¶ 6; Dec. 28, 2021 Order (Dkt. No. 154) at 1)  Because the Government obtained the indictment in September 2019, Defendant contends that Counts One, Two, and Four are time-barred.  (See Def. MIL Opp. Br. (Dkt. No. 155) at 11)

Pursuant to 18 U.S.C. § 3286(b), however, the statute of limitations for terrorism offenses listed in 18 U.S.C. § 2332b(g)(5)(B) is extended "without limitation . . . if the commission of such offense[s] resulted in, or created a for[e]seeable risk of, death or serious bodily injury to another person."  18 U.S.C. § 3286(b).  The Government represents that it will offer evidence at trial satisfying this provision, thereby removing any limitations period for Counts One, Two, and Four.  (See Govt. MIL Reply (Dkt. No. 163) at 16-17)

In the event that the Defendant proceeds with his statute of limitations defense at trial with respect to Counts One, Two, and Four, the Court expects to charge the jury that – to convict the Defendant on those counts – the jury must find that the Government has proven beyond a reasonable doubt that Defendant's commission of the crimes charged in those counts "resulted in, or created a foreseeable risk of, death or serious bodily injury to another person." 18 U.S.C. § 3286(b); see United States v. Sampson, 898 F.3d 270, 276 (2d Cir. 2018) ("If a defendant raises a statute-of-limitations defense . . . , the government bears the burden of proving compliance with the statute to a jury beyond a reasonable doubt."); United States v. Phan, 12-cr-423 (AJN), 2022 WL 993119, at *10 (S.D.N.Y. Apr. 1, 2022) (holding that the question of whether certain terrorism charges were timely under § 3286(b) "is a question for the jury").

Accordingly, the parties will submit by **April 13, 2022,** supplemental requests to charge addressing the meaning of the phrase "resulted in, or created a foreseeable risk of, death or serious bodily injury to another person" under 18 U.S.C. § 3286(b).  In their submissions, the

parties will address a recent decision in this District regarding the scope of 18 U.S.C. § 3286(b), <u>United States v. Pham</u>, 12-cr-423 (AJN), 2022 WL 993119 (S.D.N.Y. Apr. 1, 2022).

Dated: New York, New York
April 6, 2022

SO ORDERED.

*Paul Gardephe* (signature)
Paul G. Gardephe
United States District Judge

3