# Tseitlin Law Firm P.C.

345 Seventh Avenue, 21st Floor
New York, New York 10001

Telephone: (212) 944-7434
Facsimile: (212) 398-8835
Email: tseitlinlaw@gmail.com

VIA ECF

May 1, 2022

Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Rule 29 Motion for a Judgement of Acquittal on Counts 7, 8 and 9
      United States v. Alexei Saab, 19 Cr. 676 (PGG)

Dear Judge Gardephe,

Alexei Saab respectfully submits this Motion for a Judgement of Acquittal on Counts 7, 8 and 9, for which the evidence is insufficient to sustain a conviction Pursuant to Rule 29. On February 22, 2021, Defendant filed a Motion and Memorandum of Law to Dismiss Counts 7, 8, and 9 and a Reply Memorandum on November 15, 2021. See Dkt. Nos. 69 and 131. We incorporate the arguments relied upon and legal citations in support of that motion and highlight the following evidence presented at the trial.

1.  Count Eight

Count Eight in the Indictment, alleges that in or about March 2015, Mr. Saab affirmed, and aided and abetted CC-1's affirmance, in the Petition, under penalty of perjury, that their marriage "was not for the purpose of procuring an immigration benefit" in violation of 18 USC §1015(a) and 2;

To prevail on a challenge to the sufficiency of the evidence, a defendant must show that no rational trier of fact could have found all of the elements of the crime beyond a reasonable

doubt.[1] The court must consider the evidence in the light most favorable to the prosecution and uphold the conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

In support of Count 8 in the Indictment, the government introduced the testimony of Senior Immigration Officer Artak Raevsky who testified on April 29, 2022.  The Government also introduced exhibits, particularly Form I-751 Petition to Remove Condition (and a cover letter written by the lawyer who submitted this application) filed jointly filed by Mr. Saab and Ms. Haddani.  ("I-751 Petition") See, GX 402-F. Forms I-130 Relative Petition, I-485 Adjustment of Status Application, I-864 Affidavit of Support, as well as the attorney's cover letter, were all filed in 2012.  See GX 402 A-E. The statements contained in the applications and petition filed in 2012 cannot be used to sustain allegations in Count 8 of the Indictment because these statements are subject to the statute of limitations. Indeed, the allegations contained in Count 8 of the indictment are limited to the alleged false statements made on or about March 2015 and are contained in the I-751 Petition.  If Count 8 is submitted to the jury, we ask the Court to issue limiting instructions with respect to the evidence related to this count.

18 U.S.C. Sec. 1015(a) states as follows: "Whoever knowingly makes any false statement under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens."  The key elements of the statute are: 1) knowingly make any statement, 2) under oath and 3) in any case, proceeding or matter relating to… naturalization, citizenship, or registry of aliens.

The Immigration and Nationality Act ("INA") identifies the general requirements for obtaining citizenship through naturalization, specifying that "[n]o person ... shall be naturalized" unless the applicant satisfies the following criteria: (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years…; (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship; and (3) during all the periods referred to in this subsection has been and still is a person of good moral character....8 U.S.C. § 1427(a), INA 316.

The implementing regulations state, in relevant part, that "to be eligible for naturalization, an alien must establish that he or she: (1) Is at least 18 years of age; (2) Has been lawfully admitted as a permanent resident of the United States; (3) Has resided continuously within the United States, as defined under § 316.5, for a period of at least five years after having been lawfully admitted for permanent residence; (4) Has been physically present in the United States for at least 30 months of the five years preceding the date of filing the application; (6) Has

---

[1] *United States v. Temple, 447 F.3d 130, 136 (2d Cir. 2006)*; accord *United States v. Cuti, 720 F. 3d 453, 461 (2d Cir. 2013)* ("a court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt")

2

resided continuously within the United States from the date of application for naturalization up to the time of admission to citizenship; and (7) For all relevant time periods under this paragraph, has been and continues to be a person of good moral character, attached to the principles of the Constitution of the United States, and favorably disposed toward the good order and happiness of the United States.8 C.F.R. § 316.2(a)(1)-(7).

The INA provides that "no person shall be naturalized unless he has been *lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this chapter.*" 8 U.S.C. § 1429 (emphasis added). The statute defines the term "lawfully admitted for permanent residence" as meaning "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20). There is a statutory exception to the requirement that a person be "lawfully admitted for permanent residence" in order to naturalize are for persons who have served in the US military.[6]

Mr. Saab and Ms. Haddani's form I-751 concerned her status as a permanent resident and was not related to naturalization, citizenship, or the registry of aliens. Where an individual obtains residence status through marriage to a US citizen, within two years of that marriage the individual may only be granted residency on a conditional basis, which expires at the end of two years.[2] Conditional residents must generally file (jointly with their spouse) form I-751 to remove the conditions in the three months prior to the second anniversary of the green card issuance.[3]

The I-751 is filed only on one instance when a couple's marriage is less than two years at the time of the adjudication. See, Tr. at 835, 836. In all other cases it is simply not required. For example, if the couple is married for more than two years at the time of the adjudications, the foreign spouse does not have to file a form I-751 prior to filing Form N-400. Also, there are circumstances where an individual may seek naturalization before filing the I-751 form. For instance, spouses of US service members and spouses of others with specified employment abroad may be qualified for expedited naturalization without needing to wait for two years and nine months of resident status.[4] The Form N-400 does not ask whether an I-751 was ever filed or approved. Tr. at Tr. 836-837.836-837. In fact, Mr. Saab was the beneficiary of his father's approved I-130 Relative Petition and he entered as a lawful permanent resident under the category of F 11, as an unmarried child of an American citizen. TR. at 838. Indeed, Mr. Saab was not required to file I-751 prior to filing his Form N-400, Application for Naturalization because it was not a marriage-based case. Tr. at 840.

---

[2] INA § 216(d)(2)

[3] Id.

[4] INA § 319(b), 8 U.S.C.A. § 1430(b).

3

Neither the statute nor the regulations address whether a naturalization application by a conditional permanent resident may be approved before the conditions are removed from the applicant's status. In fact, the statutory and regulatory language is far from clear in this regard, creating a "conditional" status but also providing that conditional residents are in all, or nearly all respects, equivalent to lawful permanent residents. *See, e.g.,* 8 U.S.C. § 1186b(e) (stating that statutory provisions regarding conditional residents provide that, for purposes of naturalization, conditional residents "shall be considered to have been admitted as an alien lawfully admitted for permanent residence")[5].

Therefore, Form I-751, which was filed by Nadia Haddani was not filed in any case, proceeding or matter relating to… naturalization, citizenship, or registry of aliens.  She filed a petition to remove conditions on her residency and it is related to her lawful permanent resident status, not to any matter concerning naturalization, citizenship, or registry of aliens.

The title of the statute reads "Naturalization, Citizenship and Registry of Aliens."   In *Almendarez–Torres v. U.S.,* 523 U.S. 224, 234, 118 S.Ct. 1219, 1226, 140 L.Ed.2d 350 (1998) the Supreme Court noted that "the title of a statute and the heading of a section" are "tools available for the resolution of a doubt" about the meaning of a statute" (internal citations and quotations omitted)).   It is clear from the heading that the statute does not reference lawful permanent resident status. Because the only statement relevant to this count are those included in the 2015 Joint Petition to Remove Conditions on Residency, Form I-1751, these statements do not relate to the either the process of naturalization, citizenship of registry of aliens.

Counts 7 and 9

Mr. Saab moves to dismiss the following:

1. Count Seven in the Indictment, which alleges that in or about March 2015, Mr. Saab and CC-1 jointly filed the Petition in which they falsely affirmed under penalty of perjury that their marriage "was not for the purpose of procuring an immigration benefit" in violation of 18 USC §1546(A) ("§1546(A)") and 2;

2. Count Nine in the Indictment, which alleges that in or about March 2015, Mr. Saab, in a matter within the jurisdiction of the executive branch of the Government of the United States, affirmed, and aided and abetted CC-1's affirmance, under penalty of perjury, the false statement contained in the Petition in violation of 18 USC §1001 ("§1001") and 2.

---

[5] See Abghari v. Gonzales, 596 F. Supp.2d 1336 (S.D.Ca. 2009);
Compare the statements made by Officer Raevsky at trial who testified as follows:
"Q: And can a green card holder become a naturalized citizen without becoming a permanent green card holder first? Tr. at 822-823
A: No, You have to remove the condition first and then you will become eligible for naturalization, if you file for naturalization"

4

5

       We submit that Count 7 and Count 9 are multiplicitous.  As a result, we request that Count 7 be dismissed.  As argued in our previous filings, the *Blockburger* test is not appropriate when determining whether Count 7 and Count 9 are multiplicitous counts. See Dkt. 69, pg. 3 "Blockburger is not satisfied where the elements of one charged offense are subsumed within another charged offense." *United States v. Butler*, 351 F. Supp. 2d 121, 128 (SDNY 2004), citing *United States v. Ben Zvi*, 168 F.3d 49, 57 (2d Cir.1999) The proper analysis is to determine whether one charged offense is subsumed within another charged offense. Dkt. 69, pg. 3-4. When the elements in Count 7, §1546(A), are compared with the elements in Count 9, §1001, it is clear that a violation of §1546(A) will always violate §1001. Dkt. 69, pg. 4-6. Using the same analysis and reasoning as the court in *Butler*, it is apparent that in our instant case, Count Seven, §1546(A) is subsumed within Count Nine, §1001, making them multiplicitous counts. As a remedy, multiplicitous counts in the indictment should be dismissed to avoid the constitutional harm of multiple punishments. See Dkt. 69, pg. 6-7 citing *United States v. Gupta*, No. 11 CR 907 JSR, 2012 WL 1066804, at *2 (SDNY Mar. 27, 2012), *United States v. Reed*, 639 F.2d 896, 904 (2d Cir.1981). For those reasons, we request that Count 7 be dismissed as multiplicitous.

       Thank you for your consideration of this matter.

Sincerely,

s/

Alexandra Tseitlin

cc:    Jason Richman, Assistant United States Attorney (via electronic mail)
cc:    Samuel Adelsberg, Assistant United States Attorney (via electronic mail)
cc:    Jessica Fender, Assistant United States Attorney (via electronic mail)
cc:    Marlon Kirton, Esq. (via electronic mail)
cc:    Esere Onaodowan, Esq. (via electronic mail)