UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

UNITED STATES OF AMERICA,

                                       19 cr. 676 (PGG)


  -against-

                                       **MEMORANDUM OF LAW**


ALEXEI SAAB,


        Defendant.

-------------------------------------------------------X


# INTRODUCTION

This memorandum of law is submitted to support Defendant's post-verdict motions filed on May 25, 2022.

1

**TABLE OF CONTENTS**

Procedural History………………………………..……………….……..Page 4

Statement of Facts……………………………………………….………Page 5

Point I - Judgment of Acquittal………………………....………………...Page 6

Conclusion……………………………………………………………….Page 8

## TABLE OF AUTHORITIES

**Cases**

*United States v. Minh Quang Pham,* 2022 U.S.Dist. LEXIS 6172……………………………… 7

*United States v. Medina*, 944 F.2d 60 (2nd Cir. 1991) .................................................................. 6

*United States v. Ortiz,* 666 F. Supp 2d 399 (SDNY 2009) ........................................................ 6,7

*United States v. Parkes*, 497 F.3d 220 (2nd Cir. 2007) .................................................................. 6

*United States v. Sabhnani*, 599 F.3d 215 (2nd Cir. 2010) .............................................................. 6

**Rules**

Rule 29 of the Federal Rules of Criminal Procedure ............................................................. 8, 13

## PROCEDURAL HISTORY

A grand jury returned a nine-count indictment against Mr. Saab on September 19, 2019.[1] Mr. Saab was charged with Count 1 conspiracy to provide material support to Hizballah, Count 2 provision of material support to Hizballah, Count 3 conspiracy to receive military training from Hizballah, Count 4 receipt of military training from Hizballah, Count 5 unlawful procurement of citizenship to facilitate an act of international terrorism, Count 6 marriage fraud, Count 7 citizenship application fraud, Count 8 naturalization fraud and Count 9 false statements.[2]

The Government dismissed Counts 3 and 5 after pretrial motion practice.[3] Counts 1 and 2 remained the same. Count 3 became receipt of military training, Count 4 became marriage fraud, Count 5 became citizenship application fraud, Count 6 became naturalization fraud, and Count 7 became false statements.[4] The final pretrial conference was held on April 18, 2022.

The jury trial commenced on April 20, 2022. A jury returned a partial verdict on May 11, 2022, finding Mr. Saab guilty on Counts 3, 4, and 7 and not guilty on Counts 1, 5, and 6.[5] The jury did not reach a verdict on Count 2. The Court adjourned the case for the filing of post-trial motions.

---

[1] *U.S. PACER*, Docket Entry #6.
[2] *Id.*
[3] *U.S. PACER*, Docket Entry #148.
[4] *U.S. PACER,* Docket Entry #159.
[5] U.S. PACER, Docket Entry #207.

**STATEMENT OF FACTS**

On July 9, 2019, Mr. Saab was arrested by the Federal Bureau of Investigation ("FBI"), Special Agent Anthony Cipriano (SA Cipriano), and Task Force Officer Frank Miceli as a result of the charges in this indictment. Before his arrest on July 9, 2019, Mr. Saab met with FBI Agent Cipriano and Task Force Officer Miceli approximately 11 times without counsel.[6] The meetings took place from March 14, 2019, to June 20, 2019, at various New York City and New Jersey locations.[7] In those meetings, the agent and task force officer discussed Mr. Saab's recruitment and operational activity on behalf of Hizballah.[8]

During those meetings, SA Cipriano detailed the statements made to him by Mr. Saab. He testified that Saab was recruited into Hizballah in approximately 1996.[9] He testified that Saab received training in operations on behalf of the military component of Hizballah.[10]

He testified that Saab received training in firearms, AK47s, M16s, and hand grenades.[11] He testified that Saab received his first training session, a weapons training session he attended in approximately 1999 with Ibrahim[12].

---

[6] *Trial Tr.* page 184. Lines 20-22.
[7] *Trial Tr.* page 184. Lines 23-24. *Trial Tr.* page 185. Lines 1-2.
[8] *Trial Tr.* page 185. Lines 3-7.
[9] *Trial Tr.* page 187. Lines 1-5.
[10] *Trial Tr.* page 187. Lines 5-7.
[11] *Trial Tr.* page 188. Lines 3, 10 and 11.
[12] *Trial Tr.* page 199. Lines 21-24.

He testified that Saab received training in surveillance, counterinterrogation, counterintelligence, and explosives.[13] SA Cipriano testified that it took place in 2003 with Wissam.[14] He testified that Saab stayed in a safe house, which is a secure location in which he could conduct both training exercises and meetings with his handlers.[15]

SA Cipriano testified that after he was questioned at JFK Airport, Saab was frightened and told Wissam that he would not do anything else for Hizballah.[16] SA Cipriano testified that Saab did not meet with Wissam after telling Wissam that he would not do anything else for Hizballah.[17]

SA Cipriano never testified that Mr. Saab told him that Mr. Saab knew Hizballah was a designated foreign terrorist organization when Mr. Saab was receiving the previously described training from Hizballah.

## POINT I

### THE GOVERNMENT FAILED TO PROVE COUNT THREE OF THE INDICTMENT

Mr. Saab moves for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure (FRCP). The evidence must be viewed in the light most favorable to the Government.[18] A jury's verdict must be upheld "so long as, from the inferences drawn, the jury

---

[13] *Trial Tr.* page 188. Lines 4-6.  *Trial Tr.* page 201. 184. Lines 21-23.
[14] *Trial Tr.* page 202. Lines 2-6.
[15] *Trial Tr.* page 205. Lines 23-24. *Trial Tr.* page 206. Lines 1-5.
[16] *Trial Tr.* page 207. Lines 12-15. *Trial Tr.* page 208. Lines 6-8.
[17] *Trial Tr.* page 208. Lines 9-11.
[18] *United States v. Sabhnani*, 599 F.3d 215 (2nd Cir. 2010). *United States v. Parkes*, 497 F.3d 220 (2nd Cir. 2007). *United States v. Medina*, 944 F.2d 60 (2nd Cir. 1991). *United States v. Ortiz,* 666 F. Supp 2d 399 (SDNY 2009).

6

might fairly have concluded guilt beyond a reasonable doubt."[19] However, a conviction cannot be based on speculation and surmise.[20] The Government must do more than introduce evidence at least as consistent as with guilt.[21]

## COUNT THREE

The jury convicted Mr. Saab of receiving material support from Hizballah.[22] One of the elements of Count 3 is that the defendant must know at the time of his training that Hizballah was a designated terrorist organization.[23] In the case at bar, the Government failed to present any evidence that Mr. Saab knew, at the time he received training from Hizballah, that he knew they were a designated foreign terrorist organization. The Defense argues that there is insufficient evidence as a matter of law to support a conviction for Count 3.

## INTENT OF CONGRESS

The Court wanted the parties to brief as to the intent of Congress to the extent there is a statutory conflict between 18 U.S.C. 2339D and 18 U.S.C. 3286(b).[24] The Government argued that the mere receipt of training creates a foreseeable risk of death or serious physical injury.[25]

The Defense could not find any cases on point that details the interplay between 18 U.S.C. 2339D and 18 U.S.C. 3286(b) other than the *Pham* case.[26] *Pham* holds that the applicability of 18

---

[19] *Ortiz, Id*.
[20] *Id*.
[21] *Id.*
[22] *U.S. PACER*, Docket Entry #207.
[23] *Jury Instructions,* page 37.
[24] *Transcript May 11, 2022*, page 1362.
[25] *Transcript May 11, 2022*, page 1363.
[26] *United States v. Minh Quang Pham,* 2022 U.S.Dist. LEXIS 6172.

7

U.S.C. 3286(b) is an issue of fact to be decided by the jury.[27] In the case at bar, the Court properly charged as to the applicability of 18 U.S.C. 3286(b).

The Legislative History of 18 U.S.C. 2339D does not support the Government's position. Congress passed 2339D as part of the Intelligence Reform and Terrorism Prevention Act of 2004.[28] Former Arizona Senator John Kyle distinguished someone who knowingly received military training from a mere trainee. He describes the former as a person who "stands ready to further the malicious intent of the terrorist organization …(and) threatens the security of United States nationals."[29] He describes someone without knowledge as a trainee whose "participation in group drills at a training camp helps to improve both the skills of his fellow trainees and the efficacy of his instructors' training methods."[30] There is no talk of such a person posing a risk to United States nationals.

In the case at bar, the Court need not reach the issue because the Government failed to prove knowledge. It is also clear that Congress intends to treat those who know and those who don't differently. The facts do not require the Court to answer the precise question as to whether or not 18 U.S.C. 3286(b) may be invoked by someone that knowingly receives military training by a designated terrorist organization.

## CONCLUSION

For all the reasons stated above, this Court should grant the defendant a judgment of acquittal pursuant to Rules 29 of the Federal Rules of Criminal Procedure.

---

[27] *Id* at *18.
[28] *Senate Congressional Record, S11996*, December 8, 2004, page 48.
[29] *Id* page 58.
[30] *Id*.

8

Dated: New York, New York

May 25, 2022

                                                Yours, etc.

| | |
|---|---|
| s/Esere Onaodowan | s/Marlon G. Kirton |
| ONAODOWAN & DELINCE, PLLC | KIRTON LAW FIRM |
| Associate Counsel for | Attorney for Defendant |
| ALEXEI SAAB | ALEXEI SAAB |
| 116 West 23rd Street, 5th Floor | 175 Fulton Avenue, Suite 305 |
| New York, N.Y. 10011 | Hempstead, New York 1550 |
| (646) 375-2119 ph | (516) 833-5617 ph |
| (646) 677-6918 fax | (516) 833-5620 fax |
| eonaodowan@eocdlaw.com email | kirtonlawfirm@gmail.com email |

9