

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 23, 2022

**VIA CM/ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Alexei Saab*, 19 Cr. 676 (PGG)

Dear Judge Gardephe:

      The Government respectfully writes in response to the defense's letter proposing an order requiring the Metropolitan Detention Center ("MDC") among other things, to allow the defendant to access his discovery laptop in his housing unit.  (*See* Dkt. 253).

      In its letter, the defense raises concerns regarding the defendant's access to discovery.  (*See* Dkt. 253 at 2).  The defense requests that the defendant therefore "be allowed to keep all his hard drives in his dorm area[, and] that he have access to his laptop in his dorm area to review the hard drives and all electronic discovery at his disposal while on the unit."  (*Id.*).  Following the filing of his letter, the Government consulted with counsel at MDC to inquire about the defendant's access to discovery and the feasibility of the defendant's requests.  MDC counsel noted that, in accordance with the Court's prior order regarding the defendant's laptop access (*see* Dkt. 96), MDC provides the defendant access to his laptop in the visiting room from 8:00 a.m. until 7:30 p.m. on weekdays and from 8:00 a.m. to 3:00 p.m. on weekends.  (*See also* Exhibit A (MDC memorandum outlining the defendant's laptop access)).  And while MDC, like other facilities housing pre-trial inmates, must sometimes lock down the facility, MDC counsel also advised that the defendant's unit is not currently on lockdown, meaning the defendant has access to his discovery laptop for nearly 12 hours a day on weekdays and 8 hours a day on weekends.  Further, MDC has no record of the defendant ever being denied a request to access the visiting room, where his laptop is located, and the defendant already is allowed to maintain possession of his discovery hard drives in his housing unit (such that the defense request regarding hard drives is moot), where he also has access to several computer terminals at which he can use the hard drives.  Counsel for MDC further explained that security concerns preclude inmates from keeping laptops in their units outside of extreme circumstances (*i.e.*, a COVID-positive inmate with an upcoming trial).  In light of the upcoming potential trial date, however, MDC counsel advised that MDC is willing to move the defendant to a special designated unit where the defendant would be able access his hard drives and multiple computers from 6 a.m. to 9 p.m., enabling him to spend even more time reviewing the discovery materials, should the defendant wish to move to that unit.  Moreover, it bears noting that the discovery materials in this case were produced long ago, a trial has already occurred, and

the Government anticipates producing only minimal additional materials in advance of the defendant's re-trial—specifically, newly generated notes of witness preparation—should such a trial ultimately be necessary.

Accordingly, in light of the above—including the defendant's current adequate access to his hard drives and laptop, as well as the reasonable potential accommodation of moving him to a special pre-trial unit with even greater access—the Government respectfully requests that the Court deny the defendant's request for a laptop in his unit, consistent with the MDC's security concerns. The Government is prepared to address this issue further at the upcoming conference on September 28, 2022, to the extent the Court wishes.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: __/s/_____
Sam Adelsberg
Jason A. Richman
Assistant United States Attorneys
(212) 637-2494 / 2589

cc:   Defense Counsel   (by ECF)