UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

ALEXEI SAAB,

             Defendant.

**ORDER**

19 Cr. 676 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        The Indictment charges Defendant Alexei Saab with: (1) conspiracy to provide material support to Hizballah, a designated terrorist organization, in violation of 18 U.S.C. § 2339B (Count One); (2) providing material support to Hizballah, in violation of 18 U.S.C. § 2339B (Count Two); (3) conspiracy to receive military-type training from Hizballah (Count Three), in violation of 18 U.S.C. §§ 371, 2339(D), and 3238 (Count Three); (4) receiving military-type training from Hizballah, in violation of 18 U.S.C. §§ 2339(D) and 3238 (Count Four); (5) unlawfully procuring the naturalization of a person to facilitate an act of terrorism, in violation of 18 U.S.C. § 1425(a) (Count 5); (6) conspiracy to commit marriage fraud, in violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 371 (Count 6); (7) committing citizenship application fraud, in violation of 18 U.S.C. § 1546(a) (Count 7); (8) committing naturalization fraud, in violation of 18 U.S.C. § 1015(a) (Count 8); and (9) making false statements to federal officials, in violation of 18 U.S.C. § 1001 (Count 9). (Indictment (Dkt. No. 6) at 1-12)

        The Government declined to try Counts Three and Five, and those counts have been dismissed. (Dec. 24, 2021 Govt. Ltr. (Dkt. No. 148); Judgment (Dkt. No. 284) at 1)

        At trial, Saab was convicted on Counts Four, Six, and Nine, and acquitted of Counts One, Seven, and Eight. (Judgment (Dkt. No. 284) at 1) The jury did not reach a verdict

on Count Two. (May 11, 2022 Trial Tr. (Dkt. No. 235) at 2; Verdict (Dkt. No. 207)) The Government declined to retry Saab on Count Two and moved to dismiss that charge at sentencing. (See Oct. 4, 2022 Govt. Ltr. Mo. (Dkt. No. 258); Judgment (Dkt. No. 284) at 1)

On May 23, 2023, this Court sentenced Saab to, inter alia; ten years' imprisonment on Count Four and two years' imprisonment on Counts Six and Nine, with those terms to run consecutively. (Judgment (Dkt. No. 284) at 3) On June 5, 2023, Saab filed a notice of appeal. (Notice of Appeal (Dkt. No. 285))

On appeal, Saab asked the Second Circuit to vacate his conviction and sentence on Count Four. United States v. Saab, 164 F.4th 198, 205 (2d Cir. 2026). Saab argued, inter alia, that at sentencing this Court had improperly applied a twelve-level enhancement and a criminal history category of VI under the United States Sentencing Guidelines § 3A1.4 (the "Terrorism Enhancement"), after determining that the offense charged in Count Four "involved . . . a federal crime of terrorism." See id. at 203 (quoting U.S.S.G. § 3A1.4).

In a January 14, 2026 opinion, the Second Circuit affirmed Saab's conviction on Count Four but vacated his sentence on that count. Id. at 204. The Court concluded that the Terrorism Enhancement did not apply to 18 U.S.C. § 2339(D) – the statute charged in Count Four – until March 9, 2006, while the underlying charged conduct took place between 1996 and 2005. Id. at 203. Accordingly, the Second Circuit remanded for resentencing "so as to allow the district court in the first instance to consider, after full briefing from the parties, whether the Terrorism Enhancement should apply in this case." Id. at 219.

The mandate issued on March 9, 2026. (March 9, 2026 Min. Entry)

By **March 23, 2026,** the Government will make a submission addressing the factual and legal basis for application of the Terrorism Enhancement under U.S.S.G. § 3A4.1. Defendant Saab will respond to the Government's submission by **April 6, 2026.**

Dated: New York, New York
       March 9, 2026

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge