# MATTHEW W. BRISSENDEN, P.C.
### ATTORNEY AT LAW

666 Old Country Road, Suite 501                516-683-8500, Fax: 516-683-8410
Garden City, New York 11530                    matthew.w.brissenden@gmail.com

June 29, 2026

**<u>Via ECF</u>**
The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:      *United States v. Saab,* 19-cr-676 (PGG)

Dear Judge Gardephe,

This office has been appointed to represent Alexei Saab in the above-referenced matter as associate counsel.  I am writing in advance of sentencing to briefly address the legal arguments set forth in the Government's June 22, 2026 sentencing memorandum, filed in this matter at ECF 307.

In the Government's original sentencing memorandum, filed on April 10th, prosecutors argued that the twelve level Terrorism Adjustment under U.S.S.G. § 3A1.4 should continue to apply at resentencing.  While conceding that Mr. Saab's offense of conviction – 18 U.S.C. § 2339D – was not a "federal crime of terrorism," it argued that Mr. Saab's conduct nonetheless was "intended to promote" and "involved" *other* federal crimes of terrorism for which he was not convicted.  In support of this argument, the Government cited to various alleged events dating as far back as 1996.  *See* ECF 296 at p. 4-5.

In our May 14th sentencing memorandum, we opposed the application of the Terrorism Adjustment, arguing that such enhancement would necessarily be based upon acquitted conduct, given the jury's verdict on Count One.  Specifically, we cited to U.S.S.G. § 1B1.3(c), which went into effect in November of 2024, and which provides:

> (c) ACQUITTED CONDUCT.—Relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction.

On June 22, 2026, the Government filed a letter opposing Defendant's position.  It argues that the twelve level Terrorism Adjustment applies notwithstanding Mr. Saab's acquittal on Count One, because the acquitted conduct underlying that count "also establishes, in whole or in part, the instant offense of conviction."  ECF 307 at p. 2.  For example, prosecutors contend that "the defendant's surveillance activity in the United States was in part the basis of his conviction on Count Three."  *Id*. at p. 3.

The Government's argument is clearly wrong, because any conduct preceding § 2339D's statutory date of enactment cannot be part of the "instant offense of conviction." Prosecutors may not cite to events occurring before December 17, 2004 and claim that such alleged conduct "also establishes, in whole or in part, the instant offense of conviction."  It does not, because the crime of Receiving Military-Type Training from a Foreign Terrorist Organization did not even exist at that time.

Alternatively, the Government contends that this Court should not apply § 1B1.3(c) because "it is inappropriate for a sentencing court to speculatively conclude that the jury found or rejected a certain fact based on its verdict of acquittal."  *Id*. at p. 2, *citing United States v. Martinez*, 110 F.4th 160, 175 (2d Cir. 2024).  But *Martinez* – which was written

before U.S.S.G. § 1B1.3(c) was even in effect – has nothing to do with that Guidelines provision or the issue which is presently before the Court.[1]

In fact, the Guidelines now *require* a sentencing court to consider a jury's verdict of "not guilty," and to make a judgment regarding the allegations which the jury rejected in reaching such verdict. Such allegations may not be considered in formulating the Defendant's Guidelines' calculation. Contrary to the Government's suggestion, this is not an impossible or even complicated task.

Prosecutors posit various strained hypothetical explanations for the jury's verdict, in an effort to muddy the waters, and to strip the Defendant's acquittal of all meaning. *Perhaps the jury could have found that Saab did intend to materially support Hizballah, but that his handlers were not actually members of Hizballah?* ECF at p. 2. *Or perhaps the jury might have found that Saab intended to support a different terrorist organization?* *See id*. at 2.

But this is not the exercise envisioned by the Sentencing Commission. If a defendant in a drug and gun case is acquitted of charges under 18 U.S.C. § 924(c), prosecutors should not be permitted to argue for a sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) because it is *hypothetically possible* the jury could have acquitted based upon a lack of venue. Such an approach would render § 1B1.3(c)'s directive to disregard acquitted conduct all but meaningless.

---

[1]    In *Martinez,* the Circuit faulted a sentencing court for finding that a rape victim had engaged in consensual sex with the defendant, *in contravention* of the jury's express verdict to the contrary. The unusual facts of that case are in no way analogous to the present situation, and its holding is not relevant to the argument before this Court.

Rather, § 1B1.3(c) vests the sentencing judge with both the discretion and the responsibility to reasonably interpret the jury's verdict, so that a defendant is not punished for conduct which the Government failed to prove at trial.  In this case, the Government failed to prove that Mr. Saab entered into an agreement to materially support the terrorist organization Hizballah.  As a result, it may not, at sentencing, seek a twelve level enhancement based on the assertion that he did so.

Respectfully submitted,
/s/
Matthew W. Brissenden

cc:    AUSA Samuel Adelsberg (*via* email)
       AUSA Jason Richman (*via* email)
       Marlon Kirton, Esq. (*via* email)